No. 10,041.

McLeod v. The Colorado Power Company, et al.

Decided July 3, 1922.

Action to quiet title.   Judgment for defendants.

*Affirmed.*

1.  Words and Phrases—*"Construct."*  Where by contract a party was granted certain rights in connection with reservoirs which might thereafter be constructed, and at the time of the execution of the contract only surveys and filings had been made with no actual construction of reservoirs, it is held that the word "construct" should not be construed as in cases involving priorities of water rights where the right attaches at the date of beginning work, but should be given its usual and ordinary meaning.

2.  Contract—*Construed.*  Where a license is granted by contract, conditioned that it is not to restrict or interfere with the use of the property by first party, its successors or assigns, the condition is in favor of the grantor, to be construed as a protection to subsequent owners of the property, and not a perpetual privilege to the grantee, binding upon succeeding owners.

3.  *Construction.*  Contract construed and held not to contain any words of grant in the premises affected as a "license" only was given for the purposes named.

4.  *Designation—Construction.*  While the designation of an instrument does not determine its character, it may be considered as indicating the intent of the parties.

5.  *Construction.*  Where the words of a contract are unambiguous, there is no room for construction.

6.  *Construed.*  An instrument granting boating, fishing and resort privileges in connection with reservoirs *to be* constructed, held not intended to take effect except upon the condition named, not a covenant running with the land, and not binding upon the successors of the granting party.  Further held to have no connection with the title of the property, and containing no suggestion to a purchaser that he would be expected to comply with its provisions.

*Error to the District Court of the City and County of Denver, Honorable Francis E. Bouck, Judge.*

Messrs. Pitkin & Moore, for plaintiff in error.

Mr. William V. Hodges, Mr. D. Edgar Wilson, Mr. Roger H. Wolcott, for defendants in error.

*En banc.*

Mr. Justice Teller delivered the opinion of the court.

The plaintiff in error brought suit against the various defendants in error to quiet his title to certain rights alleged to have been secured to him by contract between him and The Electric and Hydraulic Company, which was named in said contract as party of the first part. The court found for the defendants, and the plaintiff brings error.

After several transfers the reservoir sites and adjoining lands were acquired by the defendant in error, The Colorado Power Company. The other defendants in error are licensees of that company.

The parts of the contract material to be considered read as follows:

"That the party of the first part, in consideration of one dollar ($1), and other valuable considerations, receipt whereof from the party of the second part is acknowledged, has given and by these presents does give to the party of the second part and his assigns, the exclusive license to use the reservoirs which the party of the first part may hereafter construct upon Middle Boulder Creek or its tributaries, in said County of Boulder, State of Colorado, and the lands adjoining same above the high water lines of such reservoirs, owned by the party of the first part; except the Kossler reservoir and lands owned by the party of the first part adjoining the same; for boating, fishing and resort purposes; and to construct and remove buildings upon such lands above the high-water lines of said reservoirs, except said Kossler reservoir; not, however, in any such way as

to restrict or interfere with the use of any of said reservoirs or lands by the party of the first part, its successors and assigns, for the storage and drawing off of water for power, irrigation or other purposes, or otherwise, to such extent and to such levels as the party of the first part may from time to time determine or change and subject to such regulations as the party of the first part, its successors or assigns or its officers may impose, in order to insure the safety of the said reservoirs, and any dams or other works constructed in connection therewith, and the use, maintenance, repair, replacement and operation thereof."

It is to be observed that the contract provides that the plaintiff in error should have certain rights above the high water line of "reservoirs which the party of the first part may hereafter construct on Middle Boulder Creek."

The defendant in error's contention is that inasmuch as The Electric and Hydraulic Company constructed no reservoirs, there was nothing upon which the privilege could operate.

Plaintiff in error contends, however, that, inasmuch as surveys and filings had been made for the reservoirs prior to the date of the contract in question, the reservoirs may be regarded as constructed by The Electric and Hydraulic Company.

This is to give to the word "construct" in the contract the meaning which is applied to it in cases which involve priorities to water rights, and in which the right attaches at the date of the beginning of the work on the irrigation system. It is not the usual meaning of "construct," and we see no reason for giving it to the word as used in the contract.

Plaintiff in error also contends that where the contract provides that the privilege granted is not to "restrict or interfere with the use of any of said reservoirs or lands by the party of the first part, its successors or assigns," it indicates that the privilege is to extend to the land when owned by such "successors and assigns." This is not the natural meaning. This restriction is in favor of the party

of the first part, and intended for its protection.   The reference to successors and assigns is clearly intended to extend the protection to subsequent owners of the property.

The same may be said of the use of those words in other places in the contract.   They indicate no purpose to benefit the party of the second part by making the contract binding upon succeeding owners of the property.

Plaintiff in error contends that under the testimony given by McLeod as to the circumstances under which the contract was performed, it must be presumed that McLeod obtained an easement.   The claim is that "the grant of rights to McLeod was made in fee."   We find no words of grant in the contract.   On the contrary the first party gives to him and his assigns "the exclusive *license* to use the reservoirs" for the purposes named.   It is true that the designation of an instrument does not determine its character, but such designation may be considered as indicating the intent of the parties.

The rule is that where the words of a contract are unambiguous, there is no room for construction.   If there be ambiguity, resort may be had to the circumstances under which the agreement was made to determine the proper construction of the ambiguous terms.   The contract, which refers to the land yet to be acquired, is a simple contract, unilateral in character, which binds the party of the first part to permit McLeod, or his assigns, to exercise certain privileges upon the reservoirs thereafter to be constructed, and upon the land bordering thereon, "owned" by the party of the first part.   Whether this instrument is a license, or a grant of an easement, need not be determined.   Whatever it is, it relates only to reservoirs constructed by the party of the first part, and lands owned by it.   There is nothing in the instrument to show that it was intended to take effect except upon the conditions named; nor does it appear that it is in any sense a covenant running with the land, so as to be binding upon grantees of the party of the first part.

It is a contract having no connection with the title to the

property, and containing nothing to suggest to a purchaser that he would be expected to comply with its provisions.

Plaintiff in error seeks not to have the court construe ambiguous language in the contract, but rather to add to it something which, it is claimed, the parties, or at least one of them, had in mind when the agreement was made. That is not the province of a court. Whatever the parties intended, they did not include in the contract anything which would give to purchasers notice of any interest claimed by plaintiff in error, either by way of license or easement.

We are, therefore, of the opinion that the trial court was right in finding for the defendants, and the judgment is accordingly affirmed.

MR. CHIEF JUSTICE SCOTT, MR. JUSTICE DENISON and MR. JUSTICE CAMPBELL not participating.