No. 15,576.

GODFRIT *v.* JUDD ET AL.

(182 P. [2d] 907)

Decided June 2, 1947. Rehearing denied July 7, 1947.

Mr. Isaac Mellman, for plaintiff in error.

Mr. Louis A. Hellerstein, for defendants in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

These parties appeared in reverse order in the trial court and are hereinafter referred to as there, or by name.

Plaintiffs brought this action against defendant and some eight others, including Esther Serfosa, to quiet title to a certain lot in Denver. Godfrit alone defended. He also filed a bill of particulars and answers to nine interrogatories propounded under Rule 33, R.C.P. Colo., '35 C.S.A. vol. 1, p. 136. Plaintiffs' motion for summary judgment was granted and decree entered for them. To review that judgment defendant prosecutes this writ, specifying five alleged errors. Since these are not questioned, we assume they comply with the rules. They amount to nothing more than an assertion that the trial court gave judgment for the wrong litigant.

One Schwede owned the lot in question and in November, 1919 deeded it to Godfrit, who, two years later, conveyed to Lerg. Lerg deeded to Serfosa and she to plaintiffs. Also, on September 19, 1941 a treasurer's deed was issued to the South Denver Finance Company

and that company deeded to plaintiffs. Such is the title upon which the action was brought.

Godfrit claimed under assignment (dated May 27, 1935) of a tax sale certificate dated December 4, 1931 for the tax of 1930 and appearing in the treasurer's tax sale record for the latter year. He also asserted ownership under an alleged indefinite oral contract by the terms of which Serfosa held her title in trust for him. In addition to the foregoing he contested the validity of the treasurer's deed to the Finance Company because of failure to serve him with notice of its issuance, although, as he alleged on information and belief, an abstract company had notified the treasurer of his claims and that these were known to the Finance Company and to plaintiffs.

1. So far as this record is concerned, it is apparent at a glance that Godfrit's claim of title based upon an oral trust agreement between himself and Serfosa casts no shadow on the title of plaintiffs and requires no consideration here.

2. Defendant's principal contention is that the treasurer's deed to the Finance Company, being issued without notice to defendant of the application therefor, is void.

The applicable statute specifies in minute detail the duties of the county treasurer prior to his issuance of a tax deed. It requires him, not the proposed grantee in the deed, to serve notice "on every person in actual possession"; also "on the person in whose name the same was taxed," and "upon all persons having an interest or title *of record* in or to said premises." '35 C.S.A., chapter 142, section 255, as amended by section 1, page 1053, Session Laws 1937, being Section 255, page 163, 1946 Cumulative Supplement to '35 C.S.A.

■ ■ There is no contention that defendant was in possession of the tract in question or that it was taxed to him. He says he had an interest, first, because of the alleged trust agreement. Since that was not of record it

requires no consideration. He further says that he had an interest by reason of being the assignee of a tax sale certificate. However, he admitted in his answer, and his answers to the interrogatories, that he had not for some twenty years last past any record title to this lot. Nevertheless his counsel here insists that notation in the treasurer's office of the assignment to him of the tax sale certificate is "an interest or title of record" as that phrase is used in the statute. Instruments affecting title to real estate are presumably recorded in the office of the county clerk and recorder. There this record is required by statute in order to give notice to third persons. There they must be duly indexed and there only can one interested by expected to find them. "Persons having an interest or title of record" is equivalent to "record owners" and that language is held to exclude even holders of known, but unrecorded, contracts of sale.

"In view of our recording act, there can be no doubt as to what is meant by the term record owner * * *. We can see no reason which will justify us in attempting to give the words 'record owner' any other than their usual and common meaning." *Okanogan Power & Irr. Co. v. Quackenbush,* 107 Wash. 651, 182 Pac. 618, 5 A.L.R. 966.

"If one were seeking to discover the owner of record of real property, he would naturally consult the records in the office where the statute permits conveyances of real property to be recorded * * *. It is quite clear that the expression 'owner of record' refers to the record in the county clerk's office and not to the assessment rolls." *Becraft v. Strobel,* 287 N.Y.S. 22, 28, 29.

█ It is quite clear that defendant had no "interest or title *of record* in or to said premises" by virtue of his assignment of the tax-sale certificate and notation thereof in the treasurer's tax records, hence he was not entitled to notice of the proposed issuance of the treasurer's deed.

Were he even able to pass this hurdle he would still

be confronted with plaintiff's deed from Serfosa, a record title for whose inception he is solely responsible.

The judgment is accordingly affirmed.

Mr. Justice Hilliard and Mr. Justice Alter concur.