503 P.2d 626 (1972)
AMERICAN COIN-METER OF COLORADO SPRINGS, INC., a Colorado Corporation, and United Coin Meter Services, Inc., d/b/a American Coin Meter Co., Plaintiffs-Appellants,
v.
Robert L. POOLE and Rebecca S. Poole, individually and as agents for and d/b/a Grandview Trailer Court, Defendants-Appellees.
No. 71-297.
Colorado Court of Appeals, Div. I.
September 26, 1972.
Rehearing Denied October 31, 1972.
Smith & Duncan, Michael A. Berniger, Colorado Springs, for plaintiffs-appellants.
Haney, Howbert & Akers, Jack W. Foutch, Colorado Springs, for defendants-appellees.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This is an action for specific performance of a contract, or for damages for *627 breach thereof. Trial was to the court, which dismissed the action at the close of plaintiffs' evidence. Plaintiffs appeal the judgment of dismissal. We affirm.
Plaintiffs are American Coin Meter Co. and its subsidiary. They will be referred to as Coin Meter. Coin Meter entered into a contract with Gale Zurcher, who owned and operated the Grandview Trailer Court. The contract was for "Special Laundry Service and Maintenance," and provided that Zurcher leased to Coin Meter for a six-year term "all laundry space in the [Trailer Court] . . . for the purpose of installing, maintaining and servicing a special washing, drying and laundry equipment system."
The contract further provided that Coin Meter would be allowed access to the installation "during reasonable hours of the day for the purpose of further installations, inspection, servicing or removal of coins from the installation." Coin Meter agreed to pay Zurcher twenty-five percent of the gross income, monthly. The contract did not obligate Coin Meter to leave its machines on the premises for the full contract term.
Approximately one year after executing the contract, Zurcher sold the trailer court to the defendants, the Pooles. About six weeks later the Pooles removed Coin Meter's machines and installed their own. When the Pooles bought the property they were told the laundry equipment did not belong to Zurcher and that they would be paid a commission by Coin Meter, but were not told that there was a written contract in connection with the installation. The Pooles accepted payment of the commission from Coin Meter for the period prior to the removal of the machines.
Coin Meter asserts that the contract is a lease, that the Pooles had sufficient knowledge to put them on notice of its existence, and that they are bound by its terms. The trial court determined that the contract was not a lease, but a license, and that Coin Meter, having been advised of the sale, had the burden of contacting the Pooles if it desired to continue the contract. The court further held that the acceptance of the commission did not bind the Pooles to the contract.
The controlling issue is whether the contract is a lease or a license. We hold the contract is a license. A license is merely a permit or privilege to do what otherwise would be unlawful. Radke v. Union Pacific Railroad Co., 138 Colo. 189, 334 P.2d 1077. A lease, on the other hand, gives the right of possession of the property leased, and exclusive use or occupation of it for all purposes not prohibited by its terms. Stratis v. McLellan Stores Co., 311 Mass. 525, 42 N.E.2d 282, 142 A.L.R. 1393.
Although there are a few cases to the contrary, the majority of the reported decisions hold that contracts of the type under consideration here are licenses and not leases. Directly in point is Wash-O-Matic Laundry Co. v. 621 Lefferts Ave. Corp., 191 Misc. 884, 82 N.Y.S.2d 572. The contract in that case was almost identical to the present contract. The term was for five years. The owner sold the premises shortly after the contract was signed and the new owner removed the machines and installed others in their place. The laundry machine company sued to restrain the new owner from interfering with its use of the laundry space. The court held the contract to be a revocable license and dismissed the action. Accord, People v. Horowitz, 309 N.Y. 426, 131 N.E.2d 715, holding a similar contract to be a license and citing Wash-O-Matic, supra.
The present contract gives Coin Meter no right of possession to the premises, but merely the right, during certain hours, to enter for the limited purposes set forth in the contract. Coin Meter did not acquire any interest in the laundry space. Its interest was confined to the machines, their installation and maintenance. Such a license is revocable at will. As was stated in Radke, supra, "A license is revoked ipso facto by the licensor's conveyance of the *628 land [citing case] or by his doing any act which is inconsistent with, or prevents the exercise of, the license."
The commissions which the Pooles accepted were past due when received. Their retention did not constitute a waiver of the right to terminate the contract. See Shapiro v. Christopher, 90 U.S.App.D.C. 114, 195 F.2d 785.
Even if the Pooles had had actual knowledge of the existence of the written contract prior to their purchase of the premises, this knowledge would not have impaired their right to revoke the license. Therefore the correctness of the trial court's ruling on the issue of notice to the Pooles need not be determined.
Judgment affirmed.
PIERCE and SMITH, JJ., concur.