528 P.2d 976 (1974)
APOLLO STEREO MUSIC COMPANY, INC., a Colorado Corporation, Plaintiff-Appellant,
v.
Francis KLING, Individually and d/b/a Blue Lady Tavern, et al., Defendants-Appellees.
No. 74-078.
Colorado Court of Appeals, Div. III.
November 19, 1974.
*977 Hebeler & Razatos, P. C., Englewood, Kenneth R. Hope, Denver, for plaintiff-appellant.
H. Earl Moyer, Lakewood, for defendants-appellees Grace M. Copenhaver and Andrew J. Wysowatcky, Administrator of the Estate of Paul J. Hilst, Deceased.
Not Selected for Official Publication.
RULAND, Judge.
Plaintiff Apollo Stereo Music Company, Inc., (Apollo) appeals from a summary judgment dismissing its complaint for damages against all defendants. We affirm in part and reverse in part.
According to Apollo's complaint, defendant Kling owned the Blue Lady Tavern. On July 21, 1971, Apollo executed a written contract with Kling whereby Apollo agreed to furnish and maintain a coin-operated phonograph and coin-operated games for use by patrons of the tavern for a term of five years. In consideration for the various commitments by Apollo, the contract provided that all proceeds from use of these vending machines would be divided equally between the parties. The contract also provided:
"This agreement shall be binding upon both parties hereto, their respective heirs, executors, administrators, successors, assigns and transferees. In the event the USER [Kling] transfers or sells the business conducted on said premises or his interest therein in whole or in part, he shall give prior written notice to the transferee and to OWNER [Apollo], and such transfer or sale shall be subject to this agreement and it shall be binding upon the transferee or purchaser also."
Appollo alleged that on March 12, 1973, Kling transferred the Blue Lady Tavern to defendant Copenhaver without prior notice to Apollo and thus breached the contract. Apollo therefore requested damages from Kling pursuant to a formula contained in the contract.
For a claim against Copenhaver, Apollo alleged that Copenhaver, with knowledge of the contract with Kling, removed the vending machines from the premises. It further alleged that since the contract was binding on all purchasers of the tavern, such removal was also a breach of contract. For these reasons Apollo requested damages from Copenhaver computed according to the contract formula.
Apollo's claim against defendant Hilst for intentional interference with contract relations was based on allegations that Hilst had knowledge of the Apollo contract and that despite such knowledge he intentionally solicited a contract with Copenhaver to furnish and maintain Hilst's vending machines on the premises. An additional claim was asserted by Apollo against both Copenhaver and Hilst for conversion of Apollo's vending machines but was later dismissed with prejudice by stipulation of the parties.
Kling answered denying any liability for breach of contract. Copenhaver likewise answered denying any liability for breach of contract and counterclaimed for storage *978 charges on Apollo's equipment. In his answer, Hilst denied any liability for interference with Apollo's contract and counterclaimed for abuse of judicial process.
All defendants then joined in a motion for summary judgment contending that Apollo's complaint must be dismissed on the basis of this court's decision in American Coin-Meter of Colorado Springs, Inc. v. Poole, 31 Colo.App. 316, 503 P.2d 626. In that case we held that a contract of the type involved here constituted a license as distinguished from a lease. As a license, the contract is revocable at will and a purchaser of the business premises covered by the contract may revoke the license without incurring any liability therefor to a vending machine supplier such as Apollo.
The trial court granted the motion and also ordered dismissal of the counterclaims of Copenhaver and Hilst. Neither defendant has cross-appealed that portion of the trial court's order.
In its appeal relative to dismissal of the claims against Copenhaver and Hilst, Apollo contends that American Coin-Meter is not controlling because of the alleged knowledge of these defendants of the Apollo contract and that liability attaches to these defendants upon proof of the "knowledge" allegations. We disagree. American Coin-Meter establishes that, regardless of whether Copenhaver had knowledge of the Apollo contract, Copenhaver had the right to revoke that license at will without incurring liability therefor. Since Copenhaver exercised that right, the claim against Hilst for alleged interference with Apollo's contract must also fail.
Apollo contends that even if Copenhaver had the right to revoke its license contract with Kling at will, American Coin-Meter does not foreclose a claim for breach of that contract against Kling. We agree.
While a license may be revoked at will, it does not necessarily follow that the original grantor of the license is absolved of any liability for the revocation. Where, as here, the contract creating the license contains a definite term and the licensee has provided a valuable consideration for the contract, if the grantor of the license violates the terms of the contract in connection with the revocation, a claim for damage may result therefrom. Melodies, Inc. v. Mirabile, 4 Misc.2d 1062, 163 N.Y.S.2d 131, modified on other grounds, 7 A.D.2d 783, 179 N.Y.S.2d 991; United Merchants' Realty & Improvement Co. v. American Billposting Co., 71 Misc. 457, 128 N.Y.S. 666. Apollo's contract required that Kling notify Apollo of the sale to Copenhaver, and, in effect, obligated Kling to require Copenhaver to assume the Apollo contract as a condition of the sale.
The judgment of dismissal as to Apollo's claims against Copenhaver and Hilst is affirmed. The judgment of dismissal as to Apollo's claim against Kling is reversed and the cause remanded with directions to reinstate that claim.
PIERCE and VanCISE, JJ., concur.