533 P.2d 63 (1975)
Frederick M. LEHMAN, Plaintiff-Appellant,
v.
Richard C. WILLIAMSON, Defendant-Appellee.
No. 74-232.
Colorado Court of Appeals, Div. II.
March 11, 1975.
*64 Eric Pierson, Thomas C. Singer, Denver, for plaintiff-appellant.
Ireland, Stapleton, Pryor & Holmes, P. C., Kenneth L. Starr, Richard C. Linquanti, Denver, for defendant-appellee.
Selected for Official Publication.
ENOCH, Judge.
Plaintiff Frederick M. Lehman appeals from a judgment dismissing his claim for specific performance of a contract to purchase real estate. We affirm.
Defendant Richard C. Williamson owns a parcel of land (parcel #1) located in Douglas County which adjoins a parcel owned by the Public Service Company of Colorado (parcel #2). On December 17, 1970, plaintiff and defendant signed an agreement providing for sale of defendant's parcel to plaintiff for a purchase price of $80,000, with defendant carrying back part of the purchase price. Included in the agreement were certain provisions pertaining to obtaining the right to drill a *65 well on parcel #2 and convey the water to parcel #1 for irrigation purposes. The sale was never closed and plaintiff brought this action to enforce specific performance of the agreement. At the close of plaintiff's case in chief in a trial to the court, the court granted defendant's motion to dismiss.
The portion of the contract which is pertinent to our inquiry reads as follows:
"Provided, however, that this agreement shall be null and void, the deposit returned and the parties released if the purchaser cannot obtain all of the following rights and privileges: (1) An easement from the Public Service Company of Colorado to drill a well on parcel #2 above, together with a right to lay and operate a pipeline connecting Parcel #2 to parcel #1, described above, and (2) A permit either by transfer of seller's present permit or by obtaining a new permit based upon a preexisting water right, and (3) A commercial irrigation well capable of producing 500 gallons of water per minute. It is understood and agreed that the obtaining of the easement from the Public Service Company shall be without cost to the seller."
The trial court determined that plaintiff had failed to obtain the easement required by section (1) above and therefore defendant was relieved of his obligation to convey parcel #1 to plaintiff.
Plaintiff introduced a document entitled "LICENSE" which purported to convey to plaintiff from the Public Service Company the right to drill a well on parcel #2 and convey the water to parcel #1. Plaintiff contends that this document satisfies the condition precedent requiring the obtaining of an easement. Alternately plaintiff argues that even if the condition is not met, the condition is unambiguous and was clearly intended to protect only the purchaser and may be waived by him without releasing the seller.

I.
The threshold question is whether the document entitled "LICENSE" can be construed to be an easement, thereby fulfilling condition #1 quoted above.
There is a clear distinction in the legal interest conveyed by a license and an easement. An easement, while distinct from ownership of land itself, is an interest in land. DeReus v. Peck, 114 Colo. 107, 162 P.2d 404. A license is, however, merely a personal privilege to do some particular act or series of acts on land without possessing any estate or interest therein. Condry v. Laurie, 184 Md. 317, 41 A.2d 66. See Eastman v. Piper, 68 Cal.App. 554, 229 P. 1002. See also American Coin Meter v. Poole, 31 Colo.App. 316, 503 P.2d 626. Also, a license is, ordinarily, revocable at the will of the licensor and is not assignable. Radke v. Union Pacific R.R., 138 Colo. 189, 334 P.2d 1077.
The document entitled "LICENSE" uses the word, license, consistently throughout to describe the right conveyed, and refers to the parties to the agreement as "Licensor" and "Licensee." The right conveyed by the Public Service Company runs for a primary term of five years, renewable thereafter on a year to year basis, but is then revocable upon demand by the "Licensor;" an annual "license fee" must be paid or the right will be revoked; the right may not be assigned without the written consent of the "Licensor." The document gives plaintiff little more than a limited personal privilege to drill a well and transport the water from parcel #2 for an annual fee. This falls short of conveying an easement or other interest in the land. The evidence supports the court's conclusion that this document does not fulfill the condition.

II.
Since the condition was not met, the next question is whether plaintiff may unilaterally waive that condition on the grounds that it is intended solely for his *66 benefit. Absent a contractual provision to the contrary, a purchaser may not unilaterally waive a condition in a contract for sale of land where the condition is not solely for his benefit, but also benefits the seller. One example of such a condition is where security for a deed of trust carried by the seller would be impaired to some degree if the contingency were not carried out as provided in the contract for sale. Scheffres v. Columbia Realty Co., 244 Md. 270, 223 A.2d 619.
Both at trial and on appeal plaintiff has claimed that the language of the condition was unambiguous, and therefore at trial he presented no evidence that the condition was for his sole benefit. While the trial court did not make detailed findings regarding this point, it is clear from the record that the court considered the language of the condition, evaluated the contention of the defendant, and rejected plaintiff's claim that the condition was for his sole benefit. We have examined the contract and conclude that it was a question of fact as to whether this condition was intended to benefit the seller, and that evidence was properly admissible on this issue. See McLeod v. Colorado Power Co., 71 Colo. 518, 208 P. 463.
When defendant was called by plaintiff as an adverse witness, he testified in response to questions by his own counsel that it was to his benefit to require that water be available to irrigate the parcel because water enhanced its value and added to the security of the deed of trust which defendant was to carry pursuant to the contract. This testimony supports the conclusions of the trial court that plaintiff could not unilaterally waive the condition in question, and that, having failed to meet the condition, he was not entitled to specific performance of the contract. Hence, such conclusions will not be set aside on review. Leo Payne Pontiac, Inc. v. Ratliff, 178 Colo. 361, 497 P.2d 997.

III.
Finally, plaintiff argues that the trial court erred in dismissing the action at the close of plaintiff's case because plaintiff was thereby precluded from presenting rebuttal evidence of waiver and estoppel, as alleged in his reply, in response to certain affirmative defenses raised by defendant. This issue is not properly before this court because it was not raised in plaintiff's motion for new trial. C.R.C.P. 59(f); Furer v. Allied Steel Co., 174 Colo. 171, 483 P.2d 212. We have, however, considered the allegation, and we note that where a plaintiff has completed the presentation of his case in chief, the defense may move for dismissal on the ground that on the facts and law the plaintiff has shown no right to relief, and the court as trier of facts may then render judgment against plaintiff. C.R.C.P. 41(b)(1). Hence, this allegation of error is without merit.
Judgment affirmed.
BERMAN and VAN CISE, JJ., concur.