STATE OF NEVADA, DEPARTMENT OF COMMERCE, DIVISION OF REAL ESTATE, APPELLANT, *v.* CARRIAGE HOUSE ASSOCIATES, A NEVADA LIMITED PARTNERSHIP, RESPONDENT.

No. 9324

November 10, 1978                                    585 P.2d 1337

*Robert List,* Attorney General, and *Robert E. Edmondson,* Deputy Attorney General, Carson City, for Appellant.

*Beckley, Singleton, DeLanoy, Jemison & Reid,* and *Rex A. Jemison,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent sought to enjoin and restrain the Real Estate Division of the Nevada Department of Commerce from exercising jurisdiction over and regulating respondent's marketing of "vacation licenses." Appellant opposed the injunction contending respondent's sale of "vacation licenses" was subject to the licensing requirements of NRS ch. 119 and NRS ch. 645.[1] After a hearing on the matter the district court granted a permanent injunction concluding the "vacation licenses" neither constitute nor convey an interest in real property and, thus, persons engaged in the marketing of "vacation licenses" do not have to comply with the licensing requirements of NRS ch. 119 and NRS ch. 645.

The thrust of appellant's argument in this appeal is that a "vacation license" is both (1) a leasehold interest in "real estate", as defined by NRS 645.020, and therefore, persons selling such interest must be licensed in accordance with NRS 645.230; and (2) an interest in a "subdivision", as defined by NRS 119.110, and therefore, persons who sell such interests must be licensed in accordance with NRS 119.130.[2] We disagree.

---

[1]NRS ch. 119 and NRS ch. 645 provide basic jurisdiction for regulation of the sale of real property.

[2]NRS 645.020 provides:

"As used in this chapter, 'real estate' means every interest or estate in real property including but not limited to freeholds, leaseholds and interests in condominiums, townhouses or planned unit developments, whether corporeal or incorporeal, and whether the real property is situated in this state or elsewhere."

NRS 645.230 provides, in pertinent part:

"1.   After June 1, 1947, it shall be unlawful for any person, copartnership, association or corporation to engage in the business of, act in the capacity of, advertise or assume to act as, a real estate broker or real estate salesman within

Respondent owns and operates a 192-unit resort complex in Las Vegas, Nevada, known as the Carriage House. In July, 1975, respondent commenced its marketing of "vacation licenses" in Las Vegas. The "vacation license" is a form of time-sharing which divides the occupancy rights to resort units among multiple parties. Under the Carriage House program, the purchaser acquires the contractual right to reserve for occupancy at the Carriage House, for an aggregate of seven days each year, a suite of a designated type and location during a designated season of the year. This right extends for the useful life of the Carriage House, which is stated to be not less than 40 years nor more than 60 years from January 1, 1976. Purchasers of the "vacation licenses" are not entitled to make reservations for any particular date or any specific suite. The "vacation licenses" are irrevocable and may be transferred by gift or devise or with the written approval of Carriage House Associates. However, the purchasers may neither rent nor sub-license their accommodations and receive no deed or other indicia of title or interest in the property.

In consideration of the purchase price, respondent agrees to operate and maintain the property as a luxury resort condominium and to provide regular hotel maid service, towels, linens and kitchenware for the resort units.

Under these circumstances, we are constrained to agree with the district court's conclusion that a "vacation license" is a mere contractual right which fails to achieve the status of an interest in real property. Indeed, it is not a license, as defined by the law of real property, because it is irrevocable and transferable. *See* Fisher v. General Petroleum Corp., 267 P.2d 841 (Cal.App. 1954); Lehman v. Williamson, 533 P.2d 63 (Colo.App. 1975). Nor is it a lease because it is not definite as to its duration or description of the property involved. Beckett

the State of Nevada without first obtaining a license as a real estate broker or real estate salesman from the real estate division as provided for in this chapter."

NRS 119.110 provides:

" 'Subdivision' means any land or tract of land in another state, in this state or in a foreign country from which a sale is attempted, which is divided or proposed to be divided over any period into 35 or more lots, parcels, units or interests, including but not limited to undivided interests, which are offered, known, designated or advertised as a common unit by a common name or as a part of a common promotional plan of advertising and sale."

NRS 119.130 provides, in pertinent part:

"Except as provided in NRS 119.120, no subdivision or lot, parcel, unit or interest in any subdivision shall in any way be offered or sold in this state by any person or broker until:

". . . .

"2. Such person or broker has received a license under NRS 119.160."

v. City of Paris Dry Goods Co., 96 P.2d 122 (Cal. 1939). *See* Club v. Investment Co., 64 Nev. 312, 182 P.2d 1011 (1947). We are persuaded by the district court's analysis of this case:

> It's really an anomaly. It doesn't fit neatly into any nice legal terminology. But I cannot reach the conclusion that an individual entering into the contract with [Carriage House] acquires an interest in real estate. He just simply does not acquire an interest in real property and accordingly I feel that if the Legislature wishes to regulate this kind of business, they're going to have to either amend Chapter 119 or they're going to have to create a new chapter.
>
> I don't think that it was the intent of the Legislature looking at the land sales act to regulate the kind of "vacation license" that is presented in this case. [3]

We perceive no error in the district court judgment and, accordingly, it is affirmed.

---

[3] *Cf.* Woofter v. O'Donnell, 91 Nev. 756, 542 P.2d 1396 (1975); Seaborn v. District Court, 55 Nev. 206, 29 P.2d 500 (1934); State v. Woodbury, 17 Nev. 337 (1883).