[Civ. No. 56545. Second Dist., Div. Five. Apr. 10, 1980.]

CAL-AM CORPORATION, Plaintiff and Appellant, v.
DEPARTMENT OF REAL ESTATE, Defendant and Respondent.

COUNSEL

Nemecek, Gonzalez & Linsley and Philip R. Linsley for Plaintiff and Appellant.

George Deukmejian, Attorney General, Arthur C. de Goede, Assistant Attorney General, and Richard W. Bakke, Deputy Attorney General, for Defendant and Respondent.

OPINION

**STEPHENS, Acting P. J.**—This is an appeal from the denial of a petition for a peremptory writ of mandamus. It concerns the jurisdictional authority of the Department of Real Estate (hereinafter Department) to regulate, in the State of California, the sale of time-share interests in resort condominiums. In order to be subject to Department regulations requiring permits and public reports, the sale by appellant of membership interests in the Royal Hawaiian Adventure Club must constitute the sale or lease of lots or parcels in a subdivision. (Bus. & Prof. Code, §§ 10249.1, 11000, 11004.5.) We affirm the finding of the superior court that the Department acted within its authority in issuing an order requiring appellant to desist and refrain from selling or leasing or offering for sale or lease, membership interests in the Royal Hawaiian Adventure Club, until such time as it has obtained from the Commissioner of Real Estate a permit and public report. The desist and refrain order was properly issued pursuant to Business and Professions Code section 11019.

The order was issued following an investigation of a complaint against the Royal Hawaiian Adventure Club (hereinafter RHAC) and

became effective November 18, 1977. Appellant promptly requested an administrative hearing on the matter and was heard on January 3, 1978, in San Francisco, California. On February 23, 1978, the Department adopted the decision of the administrative law judge of the office of administrative hearings. On June 9, 1978, pursuant to Code of Civil Procedure section 1094.5, providing for judicial review of administrative decisions, appellant sought and obtained an alternative writ of mandate and a temporary stay and order to show cause. Following hearings on July 12 and August 17, 1978, the Superior Court for the County of Los Angeles discharged the alternative writ, dissolved the stay, and entered judgment for respondent.

I

Cal-Am Corporation (hereinafter Cal-Am) is in the business of selling membership interests which entitle members to the use of one-bedroom condominium units for one or more weeks each year until December 31, 2041, in the Royal Kuhio Building, Honolulu, Hawaii. The resort contains 385 condominium units of which Cal-Am owns and leases approximately 154 units. Appellant has established a time-sharing program consisting of 52 one-week time share interests, of which it retains 7 one-week periods as partial consideration for management services.

Members of the Royal Hawaiian Adventure Club may purchase up to 4 one-week time share interests in the resort condominiums, but they are not entitled to reserve any particular units. The assignment of units is left to the discretion of the RHAC board of directors. RHAC obligates itself only to make a unit available on confirmation of reservations made at least 60 days in advance of the selected period and on a first come, first served, basis. Members may permit others the use of their membership, may transfer all rights under the membership agreement with the consent of RHAC, and may bequeath their time share interests without consent.

Appellant does not question these findings of the administrative law judge. ■ The basic contention of appellant is that the membership interests being sold do not constitute the sale or lease of interests in a subdivision or subdivided lands as defined in sections 10249.1, 11000, and 11004.5, subdivision (f)(1), of the Business and Professions Code. Section 10249.1 defines the term subdivision for out of state land promotions as "improved or unimproved land or lands divided or proposed

to be divided for the purpose of sale or lease, whether immediate or future, into five or more lots or parcels."

Section 11000 of the Business and Professions Code defines subdivision and subdivided lands as "improved or unimproved land or lands divided or proposed to be divided for the purpose of sale or lease or financing, whether immediate or future, into five or more lots or parcels. . . ." and section 11004.5, subdivision (c), of said code adds to the provisions of section 11000, "Any condominium project containing two or more condominiums as defined in Section 783 of the Civil Code." Added by amendment in 1979, Business and Professions Code section 11004.5, subdivision (f)(1), provides that the following interests are subject to the subdivision laws and the regulations of the Department:[1] "Any accompanying membership or other rights or privileges created in, or in connection with, any of the forms of development referred to in subdivisions (a), (b), (c), or (d) above by any deeds, conveyances, leases, subleases, assignments, declarations of restrictions articles of incorporation, bylaws or contracts applicable thereto."

Thus, section 11004.5, subdivision (f)(1), of said code includes in the definition of subdivision any membership rights in condominium projects (subd. (c)) created by leases or contracts applicable thereto.

The membership interests sold by appellant constitute interests in real property. While it is unnecessary for purposes of this appeal to classify the interest in real property thus created, the nature of the interest is that of a lease. ■ The test for determining whether an agreement for the use of real property is a license or a lease is whether the contract gives exclusive possession of the premises against all the world, including the owner, in which case it is a lease, or whether it merely confers a privilege to occupy under the owner, in which case it is a license. (*Von Goerlitz* v. *Turner* (1944) 65 Cal.App.2d 425, 429 [150 P.2d 278].) ■ Membership in RHAC grants the right to exclusively possess a resort condominium unit during the member's annual period. Despite appellant's contentions, the fact that RHAC retains the right to specify which unit will be occupied and to provide maintenance and maid services to each unit does not derogate the exclusive possessory interests of the members during their annual periods of one to four weeks. The membership agreement itself guarantees to members the right to occupy, during their annual periods, one of the club's condo-

---

[1]Formerly Business and Professions Code section 11004.5, subdivision (e) (1).

miniums. ■ One who buys exclusive occupancy, even for only a portion of each year, in a condominium, occupies a special position with relation to a portion of the condominium premises. Regardless of the term used to describe the purchaser's rights of exclusive occupancy, it is an estate or interest or possessory interest in the property itself. "It is unnecessary to assign a name to the interest thus created." (*Estate of Pitts* (1933) 218 Cal. 184, 191 [22 P.2d 694].)

We do not find persuasive the holding of the Nevada Supreme Court in *State, etc.* v. *Carriage House Associates* (1978) 94 Nev. 707 [585 P.2d 1337], wherein that court found, on facts very similar to those in the case at bar, that a membership interest in a resort condominium constitutes neither a license nor a lease. (*Id.* at p. 1339.) The court held that there was no leasehold interest in the property because the lease was not definite as to its duration or description of the property involved. *Carriage House* is distinguishable from this case in the element of specificity of time—members in that case held their interests only for the useful life of the building, *estimated* as being between 40 and 60 years. Members of the Royal Hawaiian Adventure Club hold their interests until *precisely* December 31, 2041.

*Beckett* v. *City of Paris Dry Goods Co.* (1939) 14 Cal.2d 633 [96 Cal.Rptr. 122], cited by the Nevada court as authority for the definition of a lease, involved an optometrist who entered into an agreement with a local department store to run an optical department for three years out of a space to be designated by the store. Upon early removal of the optometrist from defendant's store, he sued for breach of contract, alleging unlawful eviction. Defendant asserted that it had granted a mere license to use any space which it chose to designate, and that it could withdraw that license at any time. The California Supreme Court found that the requirement of specificity, both as to duration and description of the property involved, was met in *Beckett*. That the defendant could freely move the optometrist to any place in the store that it chose was insufficient to render the lease void for lack of specificity. (*Id.* at p. 635.) ■ Likewise, the fact that RHAC members are assigned to particular units on a year by year basis does not negative the specificity of the property involved. Members have the right to occupy one of 154 substantially identical one-bedroom condominium units in the Royal Kuhio Building, Kuhio Avenue, Honolulu, Hawaii. That right is defined and specific. That the particular unit to be occupied during the annual period is not designated until shortly before the annual period is unimportant in determining whether there is a right to

use one of the condominiums in that building for a period certain each year until and including the year 2041.

Appellant has engaged in the sale or lease of interests in five or more lots or parcels of real property, thereby invoking the authority of the Department to require by regulation both real property securities permits and subdivision public reports. Since it is unchallenged that appellant has not obtained a permit or public report, respondent acted properly, pursuant to Business and Professions Code section 11019 in ordering appellant to cease and desist from violating sections 10238.3, 10249, 11010 and 11018.2 of the Business and Professions Code.

## II

Appellant also alleges procedural errors in the Department's order to desist and refrain and in the administrative hearing on the order. There were, however, no procedural defects in the issuance of the order to desist and refrain or in the subsequent hearing on the order. Appellant contends that the place of hearing was not chosen as provided by statute. The hearing was held in San Francisco, California, the place where the transactions occurred.

The law relating to the place of hearing is found in Government Code section 11508 which provides that if the transaction occurred in a district other than that of respondent's residence, then the agency may select the county appropriate for either district. (Gov. Code, § 11508, subd. (b)(1).) The place of hearing was correctly set and appellant was duly heard.

No statement of issues or other information is required to be served, as appellant maintains, when an order to desist and refrain has been issued and served. Business and Professions Code section 11019, which authorizes the desist and refrain order, provides that when respondent has issued such an order and then receives a request for hearing by the party affected, the matter shall be assigned to the office of administrative hearings. There is no requirement that a statement of issues or other information be served upon the party. The terms of the desist and refrain order act as a statement of the allegations against a party and a restatement is unnecessary.

Appellant further alleges that, because it was not actively selling the time share plans at the time the desist and refrain order was issued,

respondent lacked jurisdiction to issue the order. Respondent is empowered to issue a desist and refrain order, "[w]henever the commissioner determines from evidence available to him that a person is violating or failing to comply with any of the provisions of Chapter 1 of Part 2 or the regulations of the commissioner pertaining thereto...." (Bus. & Prof. Code, § 11019.) Appellant discontinued its California sales operations sometime in 1977. It is unimportant whether sales were actually being consummated at the time of the issuance of the order or whether sales had been discontinued shortly before the issuance of the order. Respondent's investigation occurred in 1977 and justified its finding pursuant to Business and Professions Code section 11019 that appellant was violating or failing to comply with the regulations requiring permits and public reports. Respondent therefore acted precisely as authorized by statute.

Finally, appellant contends that respondent may not charge a violation of Business and Professions Code section 10238.3 in the desist and refrain order. Not only is the argument without merit, but, inasmuch as appellant failed to raise the issue before the trial court and the trial court made no finding on the issue, appellant cannot now raise it for the first time on appeal.

The desist and refrain order was correctly issued and the petition for peremptory writ of mandamus was properly denied.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.