Wayne E. **BOOKER** and Frances G. Booker, Plaintiffs-Appellants,

v.

**CHEROKEE WATER DISTRICT,** a quasi municipal corporation, and Cimarron Corporation of America, a Delaware corporation, Defendants,

and

David Goss, Assignee-Appellee.

No. 81CA0886.

Colorado Court of Appeals, Div. III.

Aug. 26, 1982.

Hamil & Hitt, P. C., Ann L. Williams, J. Lawrence Hamil, Denver, for plaintiffs-appellants.

Barton, Schwartz & Crowder, Larry E. Schwartz, Colorado Springs, for defendants and assignee-appellee.

SMITH, Judge.

Plaintiffs, Wayne and Frances Booker, appeal the trial court's determination that assignee, David Goss, had received by valid assignment an interest in certain underground pipe located within property owned by the Bookers. We affirm.

Cherokee Water District is a quasi-municipal corporation. Cimarron Corporation of America and Cherokee had succeeded to all rights, including the right to divert certain waters, under a lease granted originally in 1956 by the Bookers. In 1977, certain disputes arose between the parties concerning those rights, and the instant litigation was commenced.

In November of 1979, during the pendency of the litigation, the parties entered an agreement which terminated the lease but preserved Cherokee's water rights. The agreement provided that:

> "Cimarron" and "Cherokee" shall remove all surface equipment such as pumps, electrical equipment and apparatus except cement houses from the "Booker property" and shall further at its sole option have for a period of up to two years from the date of this agreement, the right to remove all underground equipment such as pipes, pumps, stainless screens, and the like, but not well casings. Any damage to the "Booker property" occurring as a result of this activity will be repaired by "Cimarron" and "Cherokee."

In August of 1980, Cherokee, for itself and purportedly for Cimarron, assigned all its right, title, and interest in its underground equipment, including the right of removal to David Goss. The Bookers permitted Goss to use a portion of their property on a test basis to determine the feasibility of removing the entire pipe system but later withdrew that permission when a conflict developed over whether Goss had trespassed on other portions of their property.

The Bookers thereafter sought to impose certain conditions on Goss' removal operations, and Goss entering an appearance in the action, filed a "Motion to Clarify the Stipulation and Agreement" between Cherokee and the Bookers. At the hearing on Goss' motion, the Bookers took the position that Cherokee's right of removal was a non-assignable license and that Goss therefore had no right to come upon their land to extract and remove the pipe. The court found that the rights of Cherokee and Cimarron, under the agreement, constituted a "license coupled with an interest" and that therefore the assignment to Goss was valid. This appeal challenges that ruling.

A license is a personal privilege to do some act or series of acts upon the land of another not involving possession of an estate or interest therein. *Lehman v. Williamson*, 35 Colo.App. 372, 533 P.2d 63 (1975). While a bare license is revocable and, thus, unassignable, a license coupled

with an interest is an assignable property right. *See Radke v. Union Pacific R. R.,* 138 Colo. 189, 334 P.2d 1077 (1959); *Lehman v. Williamson, supra; American Coin-Meter of Colorado Springs, Inc. v. Poole,* 31 Colo. App. 316, 503 P.2d 626 (1972). One of the distinguishing characteristics between the two is the licensee's ownership interest in a chattel located on the licensor's property. "One example of a license coupled with an interest is the right of the owner of personal property to remove it when it has been placed with permission on the land of another." *Bomberger v. McKelvey,* 35 Cal.2d 607, 220 P.2d 729 (1950); *Restatement of Property* § 513 (1944).

Here, since the assignors, Cherokee and Cimarron, owned the pipe buried on the Bookers property, and had been explicitly granted a right to come onto the property to remove it, we conclude that the trial court correctly determined that they had a license coupled with an interest which could be assigned to Goss. *Cf. Radke v. Union Pacific, supra.*

Further, having examined the record, we reject as without merit the Booker assertion that there was no evidence to support the findings of the trial court.

Judgment affirmed.

BERMAN and KIRSHBAUM, JJ., concur.