Argued and submitted May 11, 1983, reversed January 25, reconsideration denied February 24, petition for review denied March 20, 1984 (296 Or 638)

In the Matter of the Compensation of
Mabel A. Griffith, Claimant.

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner,*

*v.*

GRIFFITH,
*Respondent.*

(81-04743; CA A26441)

675 P2d 1092

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for petitioner.

Charles D. Maier, Salem, argued the cause for respondent. With him on the brief was Gatti & Gatti, P.C., Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

**VAN HOOMISSEN, J.**

SAIF appeals from an order of the Workers' Compensation Board that found claimant's worsened psychological condition compensable. We reverse.

All members of the Board concluded that claimant was not in reality subjected to any form of harassment or discrimination in connection with her work. The Board stated:

"Contrary to the referee's finding that part of the harassment which claimant believed she was suffering at work was real, substantial and deliberate, we find that the overwhelming majority of this harassment was merely imagined. The medical evidence is nearly unanimous in this regard, and the testimony of the hearing is even more supportive of our conclusion.

"* * * * *

"There is nothing in this record indicating that claimant was harassed, spied upon or singled out in any way by her supervisors. Rather, the record establishes that she was being subjected to normal, ordinary, and reasonable supervision in the same manner as were her co-workers, and that her underlying maladaptive personality disorder caused her to overreact to this normal workaday environment."

Nevertheless, a majority of the Board affirmed the referee's finding that the claim was compensable.[1] In so finding, the majority relied on our decision in *McGarrah v. SAIF,* 59 Or App 448, 651 P2d 453 (1982), that a claimant's subjective perception of harassment by her supervisor is sufficient to establish compensability.

In *McGarrah v. SAIF,* 296 Or 145, 675 P2d 159 (1983), the Supreme Court held that a worker's honest perception of harassment, standing alone, is not sufficient ground for awarding compensation. The court stated:

---

[1] Board member Barnes agreed that claimant was not in reality subjected to harassment or discrimination in her work. He dissented from the majority's conclusion that the claim was compensable on the ground that, as a factfinder, he did not find claimant's testimony about her perception of harassment and discrimination at work credible.

"We all know that stress may flow from work conditions. However, the on-the-job stress conditions causing the disorders must be real.[2] That is, the events and conditions producing the stress must, from an objective standpoint, exist in reality. * * * A worker's misperception of reality does not flow from any factual work condition." *McGarrah v. SAIF, supra,* 296 Or at 163.

On *de novo* review, we agree with the Board's conclusion that the alleged harassment of claimant was merely perceived. Therefore, she has not met her burden of proving that the factors contributing to her stress-related worsening existed in reality.

Reversed.

---

[2]

"At times in its opinion, the Supreme Court speaks in terms of 'real stress'; it might have been more accurate to refer to 'real stress-causing conditions.'" *SAIF v. Shilling,* 66 Or App 600 n 1, 675 P2d 1081 (1983).