John **WITTEMYER** and Nancy Jean Wittemyer, Plaintiffs-Appellees,

v.

David L. **COLE,** Defendant-Appellee,

and

Conrad E. **Shuberth,** d/b/a C.C.R. Associates, Defendant-Appellant.

No. 83CA0980.

Colorado Court of Appeals, Div. II.

July 26, 1984.

Rehearing Denied Aug. 16, 1984.

Hurth, Yeager & Sisk, John M. Yeager, Boulder, for plaintiffs-appellees.

Holme, Roberts & Owen, John R. Webb, Denver, for defendant-appellee.

Karsh & Fulton, P.C., Fred Gabler, Denver, for defendant-appellant.

VAN CISE, Judge.

In 1981, an Eagle County treasurer's deed (the tax deed) was issued to defendant Conrad E. Shuberth (tax buyer) upon a tax sale conducted in December 1976 for unpaid taxes for the year 1975. The tax deed purported to convey the common area in the Timbergreen Townhouses subdivision. Claiming that this deed is invalid, plaintiffs, John and Nancy Jean Wittemyer (lot owners), brought this action against David L. Cole (the lot owners' predecessor in title), the tax buyer, and the county commissioners and county treasurer. From a summary judgment declaring the tax deed void, the tax buyer appeals. We affirm.

The material facts are not in dispute. On January 1, 1975, the assessment date for the 1975 taxes, the land which later became the subject subdivision was owned by a partnership known as "Eagle-Vail Townhouse Associates I." In September of that year, there were recorded (1) a plat of the Timbergreen Townhouses subdivision, consisting of 12 residential lots with the balance of the land being designated as "common area," (2) a "Declaration for Timbergreen Townhouses," containing cove-

nants and restrictions applicable to the subdivision, and (3) a deed from Eagle-Vail Townhouse Associates I to "Timbergreen Townhouse Association" (the Association), a non-profit corporation referred to in the Declaration, conveying all of the subdivision except the 12 lots—in other words, conveying all of the common area. One of the covenants in the Declaration provides that each lot owner has a perpetual, non-exclusive easement for access to, and for the use and enjoyment in and to, the common area "and such easement shall be appurtenant to and shall pass with the title to every site by virtue of such ownership."

Subdivision lot 7 was later conveyed to David L. Cole and, in 1979, by him to the present lot owners. Their deeds included, after the legal description, the words "according to the Declaration for Timbergreen Townhouses ... Subject to the terms, conditions, restrictions, uses and obligations set forth in said Declaration."

The 1975 taxes on the common area were not paid, and the property was put up for tax sale on December 1, 1976. Tax buyer was the purchaser. He received a certificate of purchase which showed the Association as the owner of the land. He paid the taxes for the subsequent years and, on June 12, 1981, a tax deed was issued to him. The lot owners did not receive any notice of the request for issuance of this deed. Apparently, the only notice given was to the Association.

The tax buyer contends that the trial court erred in declaring the tax deed void because of a lack of proper notice. We disagree.

The statute pertaining to notice, § 39–11–128(1), C.R.S., provides in pertinent part:

"Before any purchaser ... of any land ... sold for taxes ... is entitled to a deed for the land ... he shall make request upon the treasurer, who shall comply with the following:

"(a) The treasurer shall serve ... a notice of such purchase on every person in actual possession or occupancy of such land ... and also on the person in whose name the same was taxed or specially assessed ... and upon all persons *having an interest or title of record in* or to the same if, upon diligent inquiry, the residence of such persons can be determined, not more than five months nor less than three months before the time of issuance of such deed ...." (emphasis supplied)

As stated in *Siler v. Investment Securities Co.*, 125 Colo. 438, 244 P.2d 877 (1952):

"There must be a full compliance with the statutory requirements relating to notice of application for issuance of treasurer's deed, and if a noncompliance with any such statutory direction is shown, the treasurer's deed will be adjudged invalid .... 'The requirements of the foregoing section ... are jurisdictional.'"

There is no contention that the lot owners were in possession of the common area or that any part of it was taxed or specially assessed to them. In fact, contrary to the situation in *Upper Harmony Ditch Co. v. Carwin*, 189 Colo. 190, 539 P.2d 1282 (1975), relied on by the tax buyer, the entire common area, including the easements, was assessed to the Association, upon whose default the tax deed issued.

However, here the lot owners have an "interest" in the subject property. As stated in *DeReus v. Peck*, 114 Colo. 107, 162 P.2d 404 (1945):

"An easement is a right ... authorizing one to do or maintain something on the land of another .... It is a privilege existing distinct from the ownership of the land itself, nevertheless it is an interest in land."

*See also Lehman v. Williamson*, 35 Colo. App. 372, 533 P.2d 63 (1975).

This interest is "of record" as it is set forth in the recorded Declaration which is specifically referred to in the lot owners' recorded deed. *Cf. Godfrit v. Judd*, 116 Colo. 489, 182 P.2d 907 (1947). And their residence could easily have been determined by the county treasurer "upon diligent inquiry" of his own records of the

owners of the lots in the subdivision to whom the Declaration grants an easement.

Therefore, the treasurer was obligated to serve notice on the lot owners. Noncompliance voided the deed. *Swofford v. Colorado National Bank*, 628 P.2d 184 (Colo.App. 1981). *See also Siler v. Investment Securities Co., supra.*

Having held the tax deed void for lack of proper notice, we do not address the question whether the deed was void because of misdescription of the property in the certificate of purchase and in the tax deed. The other contentions of the tax buyer, to the extent not resolved in this opinion, are without merit.

Judgment affirmed.

ENOCH, C.J., and SMITH, J., concur.