## BARBER ASPHALT PAVING CO. *v.* BRAND *et al.*

*(Supreme Court, General Term, First Department.  December 2, 1889.)*

1. **ACTIONS ON CONTRACTS—BREACH—PLEADING—COMPLAINT.**

    A complaint in an action for breach of a covenant not to sell asphalt for pavements and blocks, except to certain persons in certain cities, alleging sales by defendant without any provision that the asphalt should not be used for the specified purposes, that it had been used by defendant's vendee for those purposes, and that defendant had notified plaintiff of his intention to sell more for the same purposes, is not demurrable in that it contains an averment that defendant's vendee knew of defendant's covenant, and purchased subject thereto.

2. **SAME—RESTRAINT OF TRADE.**

    The complaint does not show *prima facie* that the contract is void as tending to create a monopoly, or to enhance the price of asphalt pavements.

3. **SAME—PARTIES—ASSIGNMENT.**

    Where plaintiff's assignor entered into the contract with defendant in his own name, and assigned all his interest to plaintiff, it is immaterial that he referred to himself in the contract as representing a certain company, which is not made a party to the action.

4. **SAME.**

    Even if the company were the principal, an averment in the complaint that certain persons, whom it may be fairly implied constituted the company, assigned all their interests,in the contract to plaintiff, sufficiently shows that plaintiff is vested with the company's interest.

5. **ASSIGNMENT—CONTRACTS.**

    Such a contract is assignable, and enforceable in equity.

Appeal from special term, New York county.

Action by the Barber Asphalt Paving Company against James Brand and Matthew Taylor, impleaded with the National Vulcanite Company. Defendants Brand and Taylor separately demurred to the complaint, and from a judgment overruling their demurrers they appeal.

Argued before VAN BRUNT, P. J., and DANIELS and BARRETT, JJ.

*Coudert Bros.,* (*Paul Fuller,* of counsel,) for appellant Brand. *Shepard & Osborne,* (*William H. Shepard,* of counsel,) for appellant Taylor. *Wm. W. Niles, Jr.,* (*Wm. W. Niles,* of counsel,) for respondent.

BARRETT, J.  Brand's demurrer is solely upon the ground that the complaint does not state facts sufficient to constitute a cause of action as against him.  This complaint sets forth a contract between Brand and one Barber, whereby, for a good consideration, Brand covenanted "not to sell asphalt to be used in the laying of sheet-asphalt street pavements, or in making asphalt blocks," except to certain persons in Philadelphia, Baltimore, Washington, and Brooklyn, for use in their respective cities.  All rights acquired under this contract were subsequently assigned to the plaintiff, who now charges a violation of his covenant by Brand, acting in collusion with Taylor and the Vulcanite Company.  Transfers from Brand to Taylor, and from Taylor to the Vulcanite Company, are set forth; and it is averred that such transfers,

with accompanying agreements for the purchase and use of asphalt, were made without any condition or provision that such asphalt should not be used for street-paving. It is further averred that under these transfers and agreements the Vulcanite Company has already purchased asphalt, and used it in laying down sheet-asphalt street pavements of substantially the same kind as those which the plaintiff is engaged in laying, and that Brand has notified the plaintiff that he was about to furnish asphalt to the Vulcanite Company for such purposes. The main ground of the demurrer seems to be that Brand notified the Vulcanite Company of his covenant with Barber, and that that company purchased "subject thereto." I am unable to see what answer this is to the charge that Brand has violated his covenant, and proposes to continue such violation. The statement in the complaint that the Vulcanite Company "bought subject" to the contract between Brand and Barber is simply the pleader's conclusion as to the legal effect of the facts. Those facts are that the transfers and agreements under which the Vulcanite Company is proceeding contain no condition or provision corresponding to that embodied in the agreement between Brand and Barber. The company, however, had notice of the condition contained in the latter agreement; and the effect of that notice, in the pleader's estimation, is that the company, notwithstanding the absence of a similar covenant or condition in its agreement, took subject to the original covenant. Brand, in effect, says to the company: "I am bound, but I will sell asphalt to you in violation of my agreement; asphalt which you are to use for the very purposes debarred to me. Now, if you are stopped from so using it, remember I showed you my covenant; and you must not have recourse to me." To say that under such circumstances there is no cause of action against Brand, amounts to the contention that a conspiracy to evade one's bargain cannot be checked, if the conspirators are perfectly frank with each other. There is not a word in the complaint indicating that either Brand's or Taylor's transfers or agreements contained any provision to the effect that they were subject to the original covenant with Barber. On the contrary, the plain effect and meaning of the statements made is that nothing of the kind was embodied in these instruments; that they were entirely without limitation; that their objects and purposes were to evade Brand's covenant,—a covenant which was well known to all parties; that such objects and purposes have been acted upon, and partly effected, through the instrumentality of the Vulcanite Company,—a corporation organized by Brand and Taylor to effect their ends; and that it is proposed, in defiance of the original covenant, to proceed with the sale of asphalt, and to use that substance in the laying of pavements of substantially the same character as those laid by the plaintiff.

Taylor's demurrer raises other questions. It is claimed that there is a defect of parties, because Barber, in the contract with Brand, refers to himself as "representing the Trinidad Asphalt Pool." On this it is contended that the pool, or the persons who constitute it, should have been made parties. The answer is that the contract was Barber's, individually. He entered into it in his own name, and so signed it. Having taken that position, it is immaterial whom he represented. Having assigned all his right, title, and interest in the contract to the plaintiff, that company, so far as these defendants are concerned, became fully vested.

But, even if the pool were treated as the principal, it is fairly to be implied from the language of the complaint that the plaintiff, (Barber himself,) James Archibald, and J. Joseph Albright constituted such pool. It follows, in view of the averment, that Barber, Archibald, and Albright subsequently assigned to the plaintiff all their right, title, and interest in the contract; that the plaintiff is vested with the pool's interest.

The other points made by counsel for Taylor do not require extended consideration. However it may turn out upon the trial, when all the facts are

developed, it is quite clear that the complaint, standing alone, is not amenable to the criticism that the contract sought to be enforced is void, as tending to enhance the price of asphalt pavements, or to create a monopoly. The complaint on its face is perfectly good, under the cases of *Match Co.* v. *Roeber,* 106 N. Y. 484, 13 N. E. Rep. 419, and *Leslie* v. *Lorillard,* 110 N. Y. 533, 18 N. E. Rep. 363. Upon demurrer, all the facts alleged, tending to show that the purpose of the contract was lawful, are admitted; and these facts fully support the complaint on this head. The case of *Match Co.* v. *Roeber, supra,* is also an authority in support of the assignability of the contract, and the propriety of enforcing it in equity. The interlocutory judgments should be affirmed, with costs against each of the parties demurring. All concur.