(36 Misc. Rep. 173.)

### BLAUNER et al. v. WILLIAMS CO.

#### (Supreme Court, Appellate Term. October, 1901.)

1. CONTRACT—VALIDITY—RESTRAINT OF TRADE.

   An agreement by a vendor of jackets that he will neither manufacture for, nor sell any jackets of the same design to, any other than the vendee, is not invalid, as an unreasonable restraint of trade.

2. ACTION FOR PRICE—COUNTERCLAIM.

   In action for price of goods sold, the purchaser may counterclaim a loss to him resulting from a breach of a covenant of the vendor not to manufacture or sell articles of the same character to any one else.

Appeal from city court of New York, general term.

Action by Julius Blauner and others against the Williams Company. From a judgment of the general term (69 N. Y. Supp. 749) affirming a judgment for plaintiffs for a less amount than claimed, they appeal. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

M. D. Steuer, for appellants.

Blumenthal, Moss & Feiner (Benjamin F. Feiner, of counsel), for respondent.

GILDERSLEEVE, J. The record herein is such that this court is not permitted to inquire into the sufficiency of the evidence in support of any essential fact. We must assume that the jury correctly determined the facts necessary to sustain the verdict. The

defendant was successful in urging its counterclaim, and the plaintiffs appealed. The counterclaim is based upon an alleged breach of contract on the part of the plaintiffs, and presents the only question we need discuss. The defendant purchased from plaintiffs certain garments known as "jackets," and one of the conditions of the agreement of purchase was that the plaintiffs would not sell any of these jackets to anybody else. Upon sufficient evidence, the jury found the plaintiffs guilty of a breach of this agreement. It is the claim of the plaintiffs that this contract was void and unenforceable, since it is in restraint of trade. The contract in question restrained the manufacture and sale of one particular article of a certain design or pattern only, and the benefit it was intended to confer was reasonable. It must be said that the restraint imposed was partial, and well within the rule of enforceable contracts of this nature, as laid down in the leading authority on this subject, viz. Match Co. v. Roeber, 106 N. Y. 473, 13 N. E. 419, 60 Am. Rep. 464.

Judgment affirmed, with costs. All concur.