### STEMMERMAN v. KELLY.

(Supreme Court, Appellate Division, First Department. May 31, 1912.)

CONTRACTS (§ 117*)—RESTRAINT OF TRADE—EFFECT.

A provision in a contract for the sale, during a period of five years, of a specified quantity of asphalt per annum, that the seller during the term will not sell any asphalt for street paving purposes in the city of Greater New York to any other than the buyer, his representatives or assigns, and that it will on notice cancel its agreement to sell such asphalt to any other person using the same in street paving in the city, and that the buyer will not use or sell, except on the consent of the seller, for any purpose outside of the city, any of the asphalt sold to him, is not invalid as in restraint of trade; the seller being a foreign corporation engaged in manufacturing asphalt in a sister state, and not a contractor, and the city not being obliged to pave its streets with such asphalt, and there being no agreement between the parties as to proposals for street paving.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 554–569; Dec. Dig. § 117.*]

Action by William C. Stemmerman against William Kelly. Motion for new trial on exceptions ordered heard in the Appellate Division

─────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the first instance, after dismissal of complaint.   Exceptions sustained, and new trial granted.

See, also, 122 App. Div. 669, 107 N. Y. Supp. 379.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Henry B. Johnson, of New York City, for plaintiff.

Philip M. Brett, of New York City (L. Laflin Kellogg, of New York City, on the brief), for defendant.

LAUGHLIN, J.   This is an action on an assigned claim for damages for a breach of contract.   At the opening on the trial a motion was made in behalf of the defendant for a dismissal of the complaint, on the ground that the contract, on which the action is based, was against public policy and therefore void.   The motion was denied, but the court excluded all evidence offered in behalf of the plaintiff, excepting the contract itself, and on a renewal of the motion on the same ground dismissed the complaint.

The plaintiff's assignor, the Densmore Stabler Refining Company, a corporation organized under the laws of Arizona, having a plant for refining ore producing asphalt and a sales office at Los Angeles, Cal., entered into a contract in writing and under seal with the defendant on the 19th day of May, 1902, by which it agreed for a period of five years from that date to sell at the prices therein stated, and deliver on board cars at Los Angeles, not less than 100 and not more than 200 tons of liquid or flux asphalt per annum, and not less than 900 and not more than 1,800 tons of "D" asphalt per annum, and by which he agreed to purchase one-twelfth of the minimum amount monthly.   The contract was fully performed by both parties during the first two years; and defendant thereafter and prior to November 1, 1904, ordered 1,000 tons of "D" asphalt, which were delivered, and has not ordered or requested the delivery of any more asphalt under the contract, and refused so to do, although plaintiff's assignor at all times stood ready, able, and willing to perform.

The provisions of the contract, which the learned trial justice deemed contravened public policy, are as follows:

"The company further agrees during the continuance of this contract that it will not sell any D asphalt to be used for street paving purposes in the city of Greater New York to any other party, person or company than the said William Kelly, his representatives or assigns, and that it will upon ten days' notice in writing from the said William Kelly, his representatives or assigns, cancel and annul its agreement to sell such D asphalt to any other person or company who shall use the company's D asphalt in street paving in the city of New York or sell the same for such use. * * *

"He (Kelly) further agrees not to use or sell or deliver or permit to be used, except upon written consent of the company, for any purpose whatever outside of the limits of said city of Greater New York, any of the asphalt sold to him by the party of the first part (company)."

The argument of the learned counsel for the defendant is that the contract shows upon its face that it was designed to prevent competitive bidding on paving contracts in the city of Greater New York, and that it restrains the right of the city to purchase the asphalt otherwise than through the defendant.   It was alleged in the answer, and ad-

mitted by the reply, that the material complied with the requirements of the city's specifications for paving at that time. The plaintiff duly offered evidence to show that the vendor did not have a monopoly of this kind of asphalt, and that its output was only 5 per centum of the same kind and quality of asphalt produced at Los Angeles, and that there was an open market at Los Angeles and elsewhere in the United States for such asphalt. The offer was excluded on the ground that the evidence would have been irrelevant and immaterial. It may be that the contract would affect public bidding on paving contracts; but, if so, that is incidental to its primary purposes, which are perfectly plain and lawful. The owner of asphalt desired to sell, and the defendant desired to purchase. He insisted, as a condition of purchasing, that the vendor should not, during the continuance of the contract (a limited period), sell a particular kind or quality of asphalt to any one else to be used for paving streets in Greater New York (a limited territory), and the vendor restricted him to selling the asphalt for use in said city.

The city was not a party to the contract, and the vendor was not a public service corporation (see Central N. Y. Tel. & Tel. Co. v. Averill, 199 N. Y. 128, 92 N. E. 206, 32 L. R. A. [N. S.] 494, 139 Am. St. Rep. 878), or under any obligation to sell asphalt to it, or to the defendant, or any one else who might resell it or furnish it to the city or for use in paving streets; nor was the city obliged to pave its streets with this material. If the plaintiff's assignor combined with another or others to create a monopoly, or to stifle competition in submitting proposals for paving, then doubtless the contract would be void. See section 340, General Business Law, being chapter 20 of Consolidated Laws, and Diamond Match Co. v. Roeber, 106 N. Y. 473, 13 N. E. 419, 60 Am. Rep. 464. But the plaintiff's assignor did not agree that it would not compete with the defendant in submitting proposals for paving, nor did it agree not to engage in that work in the city of New York. Moreover, it does not appear that either the defendant or the plaintiff's assignor was a paving contractor, or that there was any agreement between them with respect to the submission of proposals for public paving, by which they were to exchange information with respect to bids, or one was to refrain from bidding, or both were to be interested in the contract if it were awarded to either, which are the elements upon which such contracts are usually declared void, upon the ground that they contravene public policy. See Atcheson v. Mallon, 43 N. Y. 149, 3 Am. Rep. 678; Coverly v. Terminal Warehouse Co., 70 App. Div. 82, 75 N. Y. Supp. 145; s. c., 85 App. Div. 488, 83 N. Y. Supp. 369, affirmed 178 N. Y. 602, 70 N. E. 1097; McMullen v. Hoffman, 174 U. S. 639, 19 Sup. Ct. 839, 43 L. Ed. 1117; Dillon on Municipal Corporations (5th Ed.) vol. 2, § 781.

The decisions sustaining the validity of contracts in partial restraint of trade, but for a limited time and in a limited territory, by which one on selling out his interest in a business obligates himself to refrain from engaging in the same business in the immediate locality, or by which one is appointed the exclusive sales agent of another, are all quite analogous, and tend to establish the validity of the contract in question. See Diamond Match Co. v. Roeber, supra, and Locker v.

Am. Tobacco Co., 121 App. Div. 443, 106 N. Y. Supp. 115, affirmed 195 N. Y. 565, 88 N. E. 289. But we are not without precedents on the precise point, holding that there may lawfully be a partial restraint of trade, sufficient to protect the interests of a party, and not so great as to interfere with the interests of the public, in a contract for the sale of property. Hodge v. Sloan, 107 N. Y. 244, 17 N. E. 335, 1 Am. St. Rep. 816; Live Stock Ass'n v. Levy, 54 N. Y. Super. Ct. 32; Excelsior Quilting Co. v. Creter, 36 Misc. Rep. 698, 74 N. Y. Supp. 361; Booth & Co. v. Siebold, 37 Misc. Rep. 101, 74 N. Y. Supp. 776; Barber Asphalt Paving Co. v. Brand, 7 N. Y. Supp. 744 [1]; Blauner v. Williams Co., 36 Misc. Rep. 173, 73 N. Y. Supp. 165. See, also, Whitaker v. Kilby, 55 Misc. Rep. 337, 106 N. Y. Supp. 511, affirmed 122 App. Div. 895, 106 N. Y. Supp. 1149. The allegations of the complaint and the provisions of the contract neither require nor justify a construction that would render the contract void.

It follows that the exceptions taken by the plaintiff should be sustained, and a new trial granted, with costs to plaintiff to abide the event. All concur.