■ MELODIES, INC., Respondent, v. CARMELO MIRABILE, Appellant.— Appeal by the defendant-appellant from a judgment of the City Court, City of Albany, in the amount of $2,000 arising as the result of a contract after a trial without a jury. The contract, which apparently was prepared by the plaintiff or its representatives, relates to installation of music service to the defendant's bar. The gravamen of the complaint was that defendant breached the agreement by discontinuing the service. Defendant admitted the agreement but denied a breach thereof, and alleged as a separate defense that the agreement was merely a license which was terminable at will. By its terms the agreement could have been terminated at any time by the defendant giving 90 days' notice in writing, plus the cost of installation, and a sum equal to $15 multiplied by the total number of weeks remaining, but otherwise there is nothing in the agreement which would lead to the conclusion that it was terminable at will. On appeal, and apparently before the trial court, defendant raised an issue of duress and coercion in the execution of the agreement. This issue was not embraced in the pleadings but in any event the trial court found no duress or coercion in the execution of the contract, and the evidence sustains his finding. In a well-considered opinion the trial court correctly rejected the defense that the plaintiff had no cause of action for a breach of the agreement because it was merely a license (*United Merchants Realty & Improvement Co.* v. *American Billposting Co.,* 71 Misc. 457; *Schusterman* v. *C & F Caterers,* 192 Misc. 564). Defendant also raised on appeal the issue that the agreement contained an illegal restrictive covenant and was therefore unenforcible. Although not within the pleadings the trial court found this defense to be without validity on the ground that the restraint was not unreasonable in time, scope or severity. This ruling was correct in our opinion, and in accord with the authority which deals with restrictive covenants in connection with business deals as distinguished

from contracts of employment (*Diamond Match Co.* v. *Roeber,* 106 N. Y. 473; *Stemmerman* v. *Kelly,* 150 App. Div. 735). Referring to the contract, known as plaintiff's Exhibit 1, it contains among other paragraphs: " 10. Any act by the second party causing an interruption, cessation or limitation of the full use of the equipment in accordance with the terms of this agreement shall be deemed a repudiation of this agreement by the second party. In such event, it is agreed that the measure of damages sustained by the first party * * * shall be the total original cost of installation as set forth in Exhibit ' B ' plus a sum equal to the average return per week to the first party up to the happening of such event from the equipment installed pursuant to this agreement, multiplied by the number of weeks remaining under the terms of this agreement or any renewal thereof." The only proof in the record of damages was that offered by the plaintiff which stated that its gross collections for the year and five months that the contract was in operation amounted to $2,383.15 and that the average weekly collection for the same period was $33.09. In awarding damages the court said in part: " Plaintiff has established damages in excess of the jurisdictional, $2,000.00 limit, according to the formula set forth in the Agreement between the parties." The defendant did not argue damages until this appeal and accordingly we feel plaintiff should have its day in court as to this element of the case. We further find that Paragraph 10 of the contract, conditioned as it was, constituted a penalty. (*Restatement, Contracts,* § 339; *Seidlitz* v. *Auerbach,* 230 N. Y. 167.) Here there was a total breach of contract which not only renders the breacher liable in damages but it also excuses the obligee from the duty of further performance. The cost of this (further performance) must be deducted from the contract price in arriving at the amount of damages. Judgment of the Albany City Court modified, on the law and the facts, by reversing the finding on damages and remitting the action to the City Court for a new trial on damages; and as thus modified is affirmed, with costs to abide the event. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.