579 P.2d 93 (1978)
P & M VENDING CO., INC., Plaintiff-Appellee,
v.
HALF SHELL OF BOSTON, INC., d/b/a the Boston Half Shell and William D. Friedman, Defendants-Appellants.
No. 77-599.
Colorado Court of Appeals, Division II.
May 11, 1978.
*94 Michael B. Lavinsky, Denver, for plaintiff-appellee.
Good & Veto, Anthony H. Veto, Lakewood, for defendants-appellants.
SILVERSTEIN, Chief Judge.
The plaintiff, P & M Vending Co., Inc., sued the defendants, Half Shell of Boston, Inc., d/b/a Boston Half Shell and its president, William D. Friedman, to recover damages for breach of a written profit sharing agreement relating to the operation of a cigarette vending machine at the latter's restaurant. The written agreement was for a five year period commencing in August 1972, and provided for liquidated damages in the event of a breach thereof by either party to be computed as follows:
"It is agreed that such sum shall be ascertained by determining the average monthly revenue of the party not in default for the months prior to the breach and multiplying such average by the number of unterminated months remaining under this agreement."
For this purpose plaintiff's "revenue" is the amount remaining after deducting the cost of the cigarettes and defendants' commission from the total cash received from the machine each month. The agreement also provided that the non-defaulting party could recover reasonable attorney's fees.
Trial was to the court which found that in December 1974 the defendants breached the agreement by requiring the plaintiff to remove the cigarette vending machine from the defendant's restaurant. Finding that 32 months remained on the agreement, and that the average monthly revenue on the machine was $69.84, the trial court computed damages according to the above provision and entered judgment for the resulting amount, $2,234.88. The trial court also awarded plaintiff attorney's fees in the amount of $1,520.

I.
Appealing the adverse judgment, the defendants contend that the trial court erred in concluding that the liquidated damages provision of the written agreement was valid and enforceable.
To be enforceable, a provision for liquidated damages must provide for an amount that is not disproportionate to the actual damages likely to be sustained. Groom's, Jr. v. Rice, 163 Colo. 234, 429 P.2d 298 (1967).
The defendants argue that plaintiff's actual damages were loss of net profits whereas the liquidated damages provided *95 for by the agreement are based on gross revenues without any consideration of plaintiff's operating expenses and costs for maintenance and repair of the vending machine and without any consideration of the revenues plaintiff might have derived from placing the vending machine at another location. Defendants assert in effect that gross revenues do not bear a reasonable relationship to the actual damages or net profits lost by the plaintiff, and that therefore, the liquidated damage provision constitutes a penalty and as such, is unenforceable. We disagree.
At trial, plaintiff established that it is a relatively large company with about fifty employees and approximately two thousand vending machine locations in the Denver area, some of which are in the immediate vicinity of the defendants' restaurant; that plaintiff's operating and overhead expenses are fixed costs that would not diminish as a result of the loss of one location such as the defendants'; and that there would be no difference or only a minimal difference between plaintiff's revenues from the vending machine and the plaintiff's net profits. Plaintiff further established that it had more vending machines than locations, and that profits were dependent on the number of locations rather than the number of machines. This evidence formed the basis of the findings and award entered by the trial court.
Where operating expenses are fixed, gross profits may be awarded as representing net profits. Distillers Distributing Corp. v. J. C. Millet Co., 310 F.2d 162 (9th Cir. 1962). Hence, under the circumstances presented here, the trial court was correct in concluding that the liquidated damages contemplated by the written agreement were not disproportionate to plaintiff's actual damages and that the liquidated damages provision was valid and enforceable. See Automatic Vending Company v. Wisdom, 182 Cal.App.2d 354, 6 Cal.Rptr. 31 (1960).

II.
Defendants next contend that the profit sharing agreement constituted a mere license that was terminable at will by either party.
In support of this contention, the defendants cite American Coin-Meter of Colorado Springs, Inc. v. Poole, 31 Colo.App. 316, 503 P.2d 626 (1972), wherein this court held that an agreement similar to the one under consideration here was a license as distinguished from a lease, and that the licensee vending machine company could not recover damages from or enforce the agreement against a party who had purchased the business premises where the vending machines were located from the original grantor of the license. However, in the present case, the defendants were parties to the contract, and hence, they are liable to the plaintiff for a breach thereof regardless of whether the contract created a license or a lease. Melodies, Inc. v. Mirabile, 4 Misc.2d 1062, 163 N.Y.S.2d 131, modified on other grounds, 7 A.D.2d 783, 179 N.Y.S.2d 991.

III.
Defendants next contend that since the revenues or profits which plaintiff derives from its vending machines are ultimately distributed to plaintiff's parent corporation, plaintiff was not the real party in interest.
This contention is without merit. Plaintiff, as a duly organized and existing Colorado corporation, is a distinct legal entity with the capacity to contract and sue on its own behalf. Section 7-3-101, C.R.S. 1973. C.R.C.P. 17(a) expressly provides that "a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought . . .." Hence, even if the contract involved here was entered into for the ultimate benefit of plaintiff's parent corporation, plaintiff was a real party in interest entitled to bring the action without joining its parent corporation.

IV.
Finally, we reject defendants' assertion that the award of attorney's fees to the *96 plaintiff was not supported by the evidence. The unrebutted testimony of plaintiff's attorney was sufficient to support the trial court's finding as to the amount and reasonableness of the fees awarded.
Plaintiff claims that it is entitled to an award of additional attorney's fees incurred in this appeal in the event it is successful in defending its judgment. We agree. Zambruk v. Perlmutter 3rd Generation Builders, Inc., 32 Colo.App. 276, 510 P.2d 472 (1973).
The judgment is affirmed and the cause is remanded to the trial court with directions to hold a hearing for the determination of the reasonable value of the services of plaintiff's counsel in defending the judgment on appeal, taking into consideration the amount already awarded, and the amount of the judgment. Wells v. Adams, 7 Colo. 26, 1 P. 698 (1883). The trial court is further directed to enter judgment against defendants for that amount in addition to the judgment previously entered and herein affirmed.
ENOCH and BERMAN, JJ., concur.