In the Matter of the ESTATE OF Marjorie D. BECKER, a protected person, a/k/a Marjorie Dudley Becker.

Kevin Becker, as Conservator for Marjorie D. Becker, Appellee,

v.

David A. Becker, interested person, Appellant.

No. 02CA0134.

Colorado Court of Appeals, Div. II.

March 13, 2003.

⊙⇒207

Paul J. Willumstad, Pueblo, Colorado, for Appellee.

David A. Becker, Pro Se.

Opinion by Justice ERICKSON.*

In this conservatorship proceeding, David A. Becker (interested person) appeals the district court's judgment awarding attorney fees to the estate of Marjorie D. Becker (protected person) and to Kevin Becker (conservator). We affirm.

The protected person, who is the mother of the interested person and the conservator, voluntarily petitioned the court to establish this conservatorship estate. Pursuant to her wishes, the court authorized the conservator to make annual limited cash gifts to the two sons and to pay for certain educational expenses of the interested person.

The interested person objected to his brother's appointment as conservator, moved for the recusal of the judge and removal of the conservator, and requested the payment of educational expenses and gifts. The interested person filed repeated requests for slightly different items or amounts of educational expenses and for rulings on previously requested items. The interested person also made various discovery requests.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

The court denied both the motion to remove the conservator and the request for payment. The court found that the misconduct allegations made against the conservator "were not close to being proven" and that the motions to remove and for payment "have no merit whatsoever." Furthermore, the discovery requests were quashed because the court determined they were "devoid of merit."

The court found that the interested person's "motions were not substantially warranted and were brought in bad faith." Accordingly, the court awarded attorney fees to the estate in the amount of $1837.50, and to the conservator in the amount of $3176.

### I.

The interested person contends that the court erred in awarding attorney fees because he did not act in bad faith in requesting court orders subsequent to the conservator's appointment. We are not persuaded.

This case is governed by § 15–14–414(4), C.R.S.2002, which became effective January 1, 2001, and therefore applies to these proceedings. *See* § 15–17–103(1), C.R.S.2002. Section 15–14–414(4) authorizes the court, upon the conclusion of hearings on petitions for orders subsequent to the appointment of a conservator, to award attorney fees and costs against the movant or petitioner where the court determines that the motions and petitions "were not substantially warranted or were brought in bad faith."

We have not yet interpreted this new provision. Thus, we turn for guidance to an analogous provision in § 13–17–102(2), C.R.S. 2002, which provides for the assessment of attorney fees for actions that "lacked substantial justification." *See Sch. Dist. No. 1 v. Cornish,* 58 P.3d 1091 (Colo.App.2002)(because the phrase "lacked substantial justification" in § 22–63–302(10)(e), C.R.S.2002, had not been previously interpreted, court looked to cases interpreting identical phrase in § 13–17–102(2)).

The phrase "lacked substantial justification" means "substantially frivolous, substantially groundless, or substantially vexatious." Section 13–17–102(4), C.R.S.2002; *Redden v.*

*SCI Colo. Funeral Servs., Inc.,* 38 P.3d 75 (Colo.2001).

■ A vexatious claim or defense is one brought or maintained in bad faith. Bad faith may include conduct that is arbitrary, vexatious, abusive, or stubbornly litigious, and it may also include conduct that is aimed at unwarranted delay or is disrespectful of truth and accuracy. *Zivian v. Brooke–Hitching,* 28 P.3d 970 (Colo.App.2001).

■ A claim is groundless if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial. *Collins v. Colo. Mountain Coll.,* 56 P.3d 1132 (Colo.App.2002).

■ A claim is frivolous if the proponent can present no rational argument based on the law or evidence to support it. *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984).

■ Thus, judicial interpretations of the terms used in § 13–17–102(4) are helpful in interpreting the "bad faith" and "not substantially warranted" terms in § 15–14–414(4). Bad faith under § 15–14–414(4) involves conduct that is arbitrary, vexatious, abusive, stubbornly litigious, aimed at unwarranted delay, or disrespectful of truth and accuracy. Similarly, under § 15–14–414(4), a motion or petition is not substantially warranted if it is not supported by any rational argument or credible evidence.

■ Here, the court found, with record support, that the interested person's educational expenses had already been paid with his mother's funds. The court also found that the interested person presented no evidence to support allegations that the conservator violated certain tax provisions or was otherwise guilty of misconduct or mismanagement. Furthermore, the court noted that the interested person declined the court's invitation to withdraw the motions and instead insisted on proceeding with a full hearing on matters that ultimately had "no merit whatsoever" and "were not close to being proven."

On this record, we perceive no error in the court's finding that the interested person acted in bad faith within the meaning of § 15–14–414(4). Accordingly, the interested person's argument provide no basis for a reversal of the attorney fees award.

## II.

Inasmuch as the provisions in § 15–14–414(4) have not previously been interpreted, we conclude that the interested person's appeal is not frivolous. Therefore, we deny the conservator's request, made pursuant to C.A.R. 38(d) and § 13–17–101, C.R.S.2002, for appellate attorney fees. *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo. 1993); *Eurpac Serv. Inc. v. Republic Acceptance Corp.,* 37 P.3d 447 (Colo.App.2000) (where issue is a matter of first impression, and appellant made rational argument in support of its position, appeal cannot be deemed frivolous).

The judgment is affirmed.

Judge NEY and Judge MARQUEZ concur.