**FRONT RANGE HOME
ENHANCEMENTS,
Plaintiff–Appellant,**

v.

**Michael STOWELL, Defendant–Appellee.**

No. 06CA0822.

Colorado Court of Appeals,
Div. II.

Nov. 1, 2007.

Keiffer, LLC, Jeffrey C. Keiffer, Littleton, Colorado, for Plaintiff–Appellant.

Goff & Goff, LLC, Lance J. Goff, Boulder, Colorado, for Defendant–Appellee.

Opinion by Chief Judge DAVIDSON.

Plaintiff, Front Range Home Enhancements, Inc., appeals from the trial court order denying its request for an award of attorney fees against defendant, Michael Stowell. Plaintiff also appeals from a subsequent order imposing sanctions against it pursuant to section 13–17–102, C.R.S.2007. We affirm.

Plaintiff filed a complaint alleging that defendant failed to pay for certain improvements plaintiff made to defendant's residence. Plaintiff ultimately prevailed at trial and was awarded damages of $24,500.

Following trial, plaintiff filed a "Bill of Costs" that included a request for attorney fees totaling $24,310 based upon a fee-shifting provision in the parties' contract. The trial court awarded plaintiff certain costs but denied the request for attorney fees primarily because plaintiff failed to include sufficient supporting documentation.

Approximately two months after defendant paid plaintiff the full amount of the judgment, including costs and interest, he filed a motion indicating that plaintiff was refusing to release a mechanic's lien and notice of lis pendens filed against the property. Defendant sought an order compelling plaintiff to release the encumbrances and asked the court to impose a statutory penalty pursuant to section 38–22–118, C.R.S.2007.

The trial court initially imposed a statutory penalty against plaintiff for failure to release the encumbrances and also indicated that it would entertain a motion for attorney fees from defendant. Although the trial court later reversed the penalty, it determined that

plaintiff and its counsel had acted "without substantial justification" and awarded defendant attorney fees and costs totaling $1526.69 pursuant to section 13–17–102.

## I.

Plaintiff contends that the trial court abused its discretion in denying its request for attorney fees following trial. We disagree.

### A.

■ Plaintiff's request for attorney fees was governed by C.R.C.P. 121 section 1–22(2). That section provides, in pertinent part, that a motion "shall explain the basis upon which fees are sought, the amount of fees sought, and the method by which those fees were calculated." C.R.C.P. 121 § 1–22(2)(b). It further provides that the motion "shall be accompanied by any supporting documentation, including materials evidencing the attorney's time spent, the fee agreement between the attorney and client, and the reasonableness of the fees." *Id.*

■ In reviewing a trial court's decision regarding a party's failure to comply with this practice standard, we apply an abuse of discretion standard. *See Phillips v. Watkins*, 166 P.3d 197, 199 (Colo.App.2007); *see also Major v. Chons Bros., Inc.*, 53 P.3d 781, 788 (Colo.App.2002).

Here, plaintiff's motion and affidavit indicated the total amount of fees requested and counsel's hourly rate, but contained no other information explaining how the total amount was calculated. Although the affidavit referenced an attachment containing "detailed billing references," no such attachment was actually included.

Plaintiff also submitted a supplement to the bill of costs which provided some documentation concerning additional requested cost items. However, these materials failed to include documentation supporting the overall attorney fee request. Finally, in its reply to defendant's objection to the fee request, plaintiff, yet again, failed to provide documentation supporting the total amount of fees sought.

Relying on *P & M Vending Co. v. Half Shell of Boston, Inc.*, 41 Colo.App. 78, 579 P.2d 93 (1978), plaintiff argues that counsel's affidavit setting forth the total amount of fees, along with his assurance that his billing rate was reasonable, was sufficient to comply with the practice standard. We disagree.

The division in *P & M Vending* merely held that unrebutted testimony of the plaintiff's attorney was sufficient to support the trial court's finding as to the amount and reasonableness of the fees awarded. However, the decision does not specify the substance or detail of the attorney's testimony in that case. *See id.* at 81–82, 579 P.2d at 96. *P & M Vending* does not hold, or even imply, that a party may establish the reasonableness of attorney fees requested simply by submitting an attorney's affidavit vouching for such reasonableness, particularly in circumstances such as these where the opposing party has challenged the amount of fees sought.

Plaintiff also asserts that the trial court improperly required submission of actual billing records. To the contrary, however, the trial court properly required some form of supporting documentation regarding the amount of time plaintiff's counsel spent working on the case.

Because plaintiff failed to timely submit supporting documentation as required by C.R.C.P. 121 section 1–22(2)(b), we perceive no abuse of discretion in the trial court's decision to deny the motion for attorney fees.

### B.

■ Nor are we persuaded by plaintiff's contention that the trial court abused its discretion in failing to conduct a hearing on the request for attorney fees.

C.R.C.P. 121 section 1–22(2)(c) provides that any party affected by an attorney fee motion "may request a hearing within the time permitted to file a reply" (that is, within ten days after a response to the motion is filed). It further provides that "[a]ny request shall identify those issues which the party believes should be addressed at the hearing."

Here, plaintiff did not request a hearing until more than two weeks after the deadline for filing a reply in support of the motion. Moreover, plaintiff's request failed to specify the issue or issues that necessitated a hearing.

Because plaintiff's hearing request did not comply with the procedural and substantive requirements of C.R.C.P. 121 section 1–22(2)(c), the trial court did not abuse its discretion in failing to conduct a hearing. *See Major*, 53 P.3d at 788 (concluding that trial court did not abuse its discretion in striking motion for attorney fees filed beyond the fifteen-day period prescribed by C.R.C.P. 121 section 1–22).

## II.

■ Plaintiff next contends that the trial court abused its discretion in awarding defendant attorney fees based upon plaintiff's conduct concerning the release of the mechanic's lien and notice of lis pendens. Again, we disagree.

Section 13–17–102(2), C.R.S.2007, authorizes the court to award reasonable attorney fees against "any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification." The term "lacked substantial justification" means "substantially frivolous, substantially groundless, or substantially vexatious." § 13–17–102(4), C.R.S.2007.

■ A vexatious claim or defense is one brought or maintained in bad faith, which includes conduct that is arbitrary, abusive, stubbornly litigious, aimed at unwarranted delay, or disrespectful of truth and accuracy. *See Zivian v. Brooke–Hitching*, 28 P.3d 970, 974 (Colo.App.2001). The trial court has discretion in determining whether to award attorney fees for a vexatious claim or defense, and its determination will not be disturbed on review if supported by the evidence. *See Crissey Fowler Lumber Co. v. First Cmty. Indus. Bank*, 8 P.3d 531, 535 (Colo.App. 2000).

Plaintiff contends that, because it "put forth an actually meritorious theory" as to why it was not required to release the mechanic's lien on the property, the trial court's ruling constituted an abuse of discretion. We are not persuaded.

The trial court's ruling was not premised on the ultimate validity of plaintiff's position. Indeed, the trial court conceded that plaintiff was "technically correct" in arguing that defendant had failed to tender the cost of releasing the lien. Instead, the trial court's ruling was based upon plaintiff's failure to clearly or timely communicate its position to defendant.

The trial court emphasized that, although plaintiff was technically correct in arguing that defendant had failed to pay the small cost of obtaining release of the lien, plaintiff's letter to defendant was entirely unclear concerning what costs it allegedly had not received. Adding to this lack of clarity was plaintiff's erroneous argument that it had no obligation to release the lien until defendant paid an amount that included the contract-based attorney fees plaintiff had requested.

As the trial court noted, it was not until plaintiff's response to defendant's motion to compel that plaintiff finally clarified what "cost" defendant had failed to pay. This resulted in a three-month delay in filing the release.

We conclude that there is record support for the trial court's determination that plaintiff's silence or refusal to properly clarify and communicate its position was "without substantial justification" and needlessly caused defendant to incur attorney fees. Consequently, we perceive no abuse of discretion in the trial court's decision to award attorney fees under section 13–17–102. *See Mitchell v. Ryder*, 104 P.3d 316, 321 (Colo.App.2004).

## III.

■ Defendant seeks an award of appellate attorney fees based upon its successful defense of the trial court's award of attorney fees against plaintiff. We decline that request.

Defendant relies upon cases generally holding that a party is entitled to reasonable attorney fees for defending an appeal of an underlying statutory fee award. *See Levy–Wegrzyn v. Ediger*, 899 P.2d 230, 233 (Colo.

App.1994) (fees awarded under section 13–71–134(1), C.R.S.2007); *see also Kennedy v. King Soopers Inc.,* 148 P.3d 385, 390 (Colo. App.2006) (party awarded attorney fees under section 13–17–201, C.R.S.2007, in trial court was entitled to recover reasonable attorney fees and costs for successfully defending appeal).

While we acknowledge this general rule of awarding appellate fees for the successful defense of an underlying statutory attorney fee award, we are aware of no decision applying that rule to appeals of groundless-frivolous attorney fee awards under section 13–17–102. To the contrary, in such appeals, divisions of this court have consistently applied a rule of awarding appellate attorney fees only if the appeal itself is frivolous. *See, e.g., In re Estate of Becker,* 68 P.3d 567, 570 (Colo.App.2003); *Bockar v. Patterson,* 899 P.2d 233, 235 (Colo.App.1994).

We are persuaded that this is the appropriate standard for defendant's appellate attorney fee request. *See* John R. Webb, *Revisiting the Recovery of Attorney Fees and Costs in Colorado,* 33 Colo. Law. 11, 14 (Apr. 2004) (suggesting that, in appeals of attorney fee awards under groundless-frivolous statute, appellate attorney fees "are recoverable only if that aspect of the appeal itself lacked substantial justification"); *cf.* C.A.R. 38(d) (allowing sanctions for frivolous appeal).

Because the portion of plaintiff's appeal challenging the sanctions imposed against it was not frivolous, we decline defendant's request for an award of attorney fees for defending that portion of the appeal. *See Becker,* 68 P.3d at 570.

Finally, insofar as plaintiff has requested an award of attorney fees incurred in this appeal based upon the parties' contract, that request is denied.

The orders are affirmed.

Judge NEY * and Judge RULAND * concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

