25CA0108 Kilgore v 2900 June 01-29-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0108
Eagle County District Court No. 23CV30160
Honorable Jonathan Shamis, Judge

---

Robert Kilgore and Sarah Kilgore,

Plaintiffs-Appellees,

v.

2900 June Creek TRL C, LLC, a Colorado limited liability company, and
Jonathan Garini,

Defendants-Appellants.

---

APPEAL DISMISSED IN PART, ORDER VACATED,
AND CASE REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE LIPINSKY
Dunn and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 29, 2026

---

Husch Blackwell LLP, Jamie H. Steiner, Thomas P. Gerwick, Denver, Colorado,
for Plaintiffs-Appellees

Jonathan Garini, Authorized Representative, Avon, Colorado, for Defendant-
Appellant 2900 June Creek TRL C, LLC

Jonathan Garini, Pro Se

¶ 1 Jonathan Garini (Garini) and 2900 June Creek TRL C, LLC (jointly, the Garini parties) appeal the district court's order granting summary judgment in favor of Robert and Sarah Kilgore (jointly, the Kilgores) and the court's order awarding attorney fees to the Kilgores. We dismiss the portion of the appeal challenging the summary judgment order, vacate the attorney fee order, and remand for further proceedings consistent with this opinion.

I. The Proceedings in the District Court

¶ 2 This case arises from a dispute between neighbors over the right to park on a portion of an access easement. The Kilgores filed this case to obtain a declaratory judgment that the Garini parties lacked the right to park on the portion of the access easement located on the Kilgores' property. The Garini parties filed an answer and a counterclaim, which they later amended.

¶ 3 At the district court, the Garini parties appeared pro se through Garini.

¶ 4 The Kilgores filed a motion for summary judgment in which they sought entry of judgment in their favor on their declaratory judgment claim and on the Garini parties' counterclaims. The court granted the motion in an order dated August 13, 2024.

1

¶ 5 Three weeks later, the Kilgores moved for an award of attorney fees against the Garini parties under section 13-17-102(4), C.R.S. 2025. In their motion, the Kilgores asserted that the Garini parties were liable for the Kilgores' reasonable fees because the Garini parties "knew their defenses and counterclaims were groundless and they filed motions throughout the litigation that were aimed at nothing more than harassing the [Kilgores] and wasting [the Kilgores'] time and money."

¶ 6 The Kilgores acknowledged that, because the Garini parties were not represented by counsel, section 13-17-102(6) applied to the motion. They correctly noted that, under that subsection, a court may award attorney fees against a pro se party only if the court "finds that the party clearly knew or reasonably should have known that the party's action or defense, or any part of the action or defense, was substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-102(6).

¶ 7 But the Kilgores did not refer to section 13-17-102(6) in the proposed order they tendered to the court together with their attorney fee motion. Rather, the Kilgores' proposed order merely said as follows:

> This matter having come before this Court on [the Kilgores'] Motion for Attorney Fees under C.R.S. § 13-17-102(4), the Court having reviewed the Motion for Attorneys' Fees, supporting declaration and exhibit thereto, and being fully advised;
>
> ORDERS that [the Kilgores'] Motion for Attorneys' Fees is GRANTED.
>
> AND FURTHER ORDERS that judgment be entered against [the Garini parties] and in favor of [the Kilgores] in the amount of $39,222.50, with interest at the rate of 8% per annum compounded annually from the date of this Order.

¶ 8 On December 11, 2024, the court granted the Kilgores' attorney fee motion by stamping "APPROVED BY COURT" on their proposed order and entering it as a court order. (On the same day, the court granted the Kilgores' bill of costs, again by stamping a proposed order that the Kilgores had submitted.)

¶ 9 The notice of appeal that Garini filed on January 21, 2025, sought to appeal the order granting summary judgment to the Kilgores, the attorney fee order, and the order awarding costs to the Kilgores. Garini's opening brief presented arguments regarding the summary judgment order and the attorney fee order, but it did not include a challenge to the costs order.

¶ 10     As an initial matter, we note that neither the Kilgores nor the court questioned whether Garini, who is not an attorney, possessed the legal authority to represent 2900 June Creek. Garini referred to "[w]e" in the notice of appeal, apparently to indicate that 2900 June Creek was an additional appellant. As relevant to this case, section 13-1-127(2)(a), C.R.S. 2025, provides that an officer of a corporate entity with no more than three owners may represent the entity "before any court of record . . . if . . . [t]he amount at issue in the . . . matter before the court . . . does not exceed fifteen thousand dollars, exclusive of costs, interest, or statutory penalties."

¶ 11     On December 12, 2025, we issued a show cause order directing 2900 June Creek to explain "why it is excepted from the requirement that it be represented by an attorney and can instead be represented by [Garini], as provided in section 13-1-127." 2900 June Creek, through Garini, submitted a timely response to the show cause order.

¶ 12     Under the circumstances, we consider the Garini parties' arguments in this appeal and discharge the order to show cause.

## II. Analysis

### A. We Dismiss the Garini Parties' Appeal of the Summary Judgment Order as Untimely

#### 1. Law

¶ 13    "Under C.A.R. 4(a)(1), a party to a civil case seeking to appeal a judgment or order to this court must file a notice of appeal no later than forty-nine days from the date of the judgment or order." *Riggs Oil & Gas Corp. v. Jonah Energy LLC*, 2024 COA 57, ¶ 1, 555 P.3d 90, 92.

¶ 14    "Failure to file a notice of appeal within the prescribed time deprives the appellate court of jurisdiction and precludes a review of the merits." *Widener v. Dist. Ct.*, 615 P.2d 33, 34 (Colo. 1980). "[S]trict compliance" with this jurisdictional rule is "required." *Collins v. Boulder Urb. Renewal Auth.*, 684 P.2d 952, 954 (Colo. App. 1984).

#### 2. The Garini Parties Appealed the Summary Judgment Order 112 Days Too Late

¶ 15    In their answer brief, the Kilgores argued that the Garini parties failed to file a timely notice of appeal of the summary judgment order. The Kilgores noted that the Garini parties' deadline to appeal that order was October 1, 2024 — forty-nine

5

days from August 13, 2024. *See* C.A.R. 4(a)(1). Therefore, the Garini parties' notice of appeal, filed on January 21, 2025, was 112 days late.

¶ 16 The Garini parties conceded in their reply brief that their notice of appeal was "timely only as to the 11 December 2024 fee order." (We do not consider the merits of the Garini parties' argument, raised for the first time in their reply brief, that the summary judgment order was not final — and therefore could be the subject of "future review" — because it left one of the Garini parties' counterclaims "unadjudicated." *See Caylao-Do v. Logue*, 2025 COA 42, ¶ 33, 571 P.3d 909, 916.)

¶ 17 Because the Garini parties did not timely appeal the summary judgment order, we lack jurisdiction over the portion of the appeal addressing that order. *See Riggs Oil & Gas Corp.*, ¶ 1, 555 P.3d at 92. The portion of the appeal challenging the summary judgment order is therefore dismissed with prejudice. *See id.* at ¶¶ 4-5, 75, 555 P.3d at 93, 102.

    B.    The Garini Parties' Appeal of the Attorney Fee Order

¶ 18 We next turn to the Garini parties' argument that we must reverse the attorney fee order because the court failed to make the

findings required under section 13-17-102(6) before awarding attorney fees against them, as pro se parties. We agree.

## 1. Law

¶ 19    We review an award of attorney fees for an abuse of discretion. *In re Estate of Shimizu*, 2016 COA 163, ¶ 15, 411 P.3d 211, 215. "A trial court abuses its discretion if its decision is manifestly unreasonable, arbitrary, or unfair, or it misapplies the law." *HMLL LLC v. MJM Holdings Ltd.*, 2024 COA 85, ¶ 17, 558 P.3d 1006, 1011. But we review de novo whether a court properly applied the law. *See In re Marriage of Gallegos*, 251 P.3d 1086, 1087 (Colo. App. 2010).

¶ 20    If a court finds that a party brought an action lacking substantial justification, meaning that the action was substantially frivolous, substantially groundless, or substantially vexatious, then the court must assess reasonable attorney fees against the party. § 13-17-102(4); *Estate of Shimizu*, ¶ 16, 411 P.3d at 215.

¶ 21    Section 13-17-102(6) imposes an additional requirement that must be satisfied before a court may award attorney fees against a pro se party. When a party is not represented by an attorney, the court must also find that "the party clearly knew or reasonably

7

should have known" that its "action or defense, or any part of the action or defense, was substantially frivolous, substantially groundless, or substantially vexatious" before the court may assess attorney fees against that party. § 13-17-102(6). Absent such a finding, an order "awarding attorney fees" against a pro se party "cannot stand." *Artes-Roy v. Lyman*, 833 P.2d 62, 63 (Colo. App. 1992).

2.  The Court Did Not Make the Findings
    Required Under Section 13-17-102(6)

¶ 22    The proposed order that the Kilgores submitted together with their attorney fee motion — which the court approved and entered as a court order — was minimal at best. It did not cite section 13-17-102(6), acknowledge that the Garini parties were not represented by counsel, or include a finding that the Garini parties clearly knew or reasonably should have known that their "action or defense, or any part of the[ir] action or defense, was substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-102(6). The attorney fee order contained no findings whatsoever and did not reveal the factual or legal bases for the court's decision to award attorney fees to the Kilgores.

¶ 23    The Kilgores argue that "the basis and reasoning for the [attorney fee order] is clear and valid" when "the order is read in conjunction with the record." They cite three inapposite cases in support of this assertion. First, in *In re Marriage of Aldrich*, the district court had entered an attorney fee award containing findings that the father's motion to modify child support was "frivolous and vexatious" within the meaning of section 13-17-102(4); the motion had "no merit" and "no substance"; and it was "brought for the purpose of avoiding responsibility" for child support. 945 P.2d 1370, 1379 (Colo. 1997). The father argued that the district court did not make sufficient findings to support the fee award. *Id.* at 1377.

¶ 24    The supreme court agreed in part. It held that the district court made adequate findings that the father's motion lacked substantial justification under section 13-17-102(4), given "the facts established in the record and the findings by the district court concerning the father's lack of credibility and his improper motivation for bringing the motion." *Id.* at 1379. But the supreme court also concluded that the district court had not sufficiently explained the basis for the *amount* of attorney fees it awarded under

section 13-17-103, C.R.S. 2025. *Marriage of Aldrich*, 945 P.2d at 1379. Thus, it remanded the case to the district court for findings on the amount of reasonable attorney fees awardable against the father. *Id.*

¶ 25    In contrast, in this case, the attorney fee order contained no findings. It did not indicate which of the Garini parties' claims or defenses lacked substantial justification or why those claims or defenses warranted an attorney fee award against the Garini parties. Significantly, *Marriage of Aldrich* teaches that an attorney fee order unsupported by any judicial findings is inadequate regardless of possible record support for the fee award. Further, the *Marriage of Aldrich* court did not address section 13-17-102(6)'s requirements because the father in that case was represented by counsel.

¶ 26    Second, the Kilgores cite *Front Range Home Enhancements v. Stowell*, in which the plaintiff, who was represented by counsel, appealed the trial court's award of sanctions against him. 172 P.3d 973, 976 (Colo. App. 2007). The plaintiff argued that the court erred because his legal theory was meritorious; he did not contend that the court's sanctions order lacked sufficient findings. *Id.* The

division determined that the court had not abused its discretion by imposing sanctions and affirmed the sanctions order because it had record support. *Id.* *Front Range Home Enhancements* therefore does not support the Kilgores' argument.

¶ 27　　Third, the Kilgores cite *Foster v. Phillips* for the proposition that, "while it is the better practice [for a court] to make express findings, they may be implicit in a court's ruling." 6 P.3d 791, 796 (Colo. App. 1999). But the division actually said: "[T]he trial court must make sufficient findings so that, *when considered together with the record*, this court can determine the basis for an award of costs." *Id.* (emphasis added). In this case, the attorney fee order did not contain *any* findings, much less findings that, coupled with evidence in the record, would allow us to determine the basis for the court's attorney fee award.

¶ 28　　Further, the Kilgores argue that the court's reasons for awarding attorney fees can be discerned from the record, asserting that they "are clearly laid out and incorporated by reference from the Kilgores' briefing." But the order does not say it incorporates the Kilgores' briefing, or any other documents, by reference. Significantly, the Kilgores do not cite any case holding that an

attorney fee order lacking *any* findings or explanation for the court's decision to award attorney fees against a pro se party can satisfy section 13-17-102(6)'s findings requirement. The case law is to the contrary. *See, e.g., Artes-Roy*, 833 P.2d at 63.

¶ 29 Because the court did not make any of the findings required under section 13-17-102(6), we cannot meaningfully review the court's attorney fee award. For that reason, we vacate the attorney fee order and remand the case to the district court to make the findings required by section 13-17-102(6). *See id.* In light of our decision, we need not separately analyze the Garini parties' related argument that the attorney fee order further fails because the court did not make the findings required under section 13-17-103(1). *See* § 13-17-103(1) ("When granting an award of attorney fees . . . , the court shall specifically set forth the reasons for the award and must consider [eight specified] factors, among others, in determining whether to assess attorney fees . . . and the amount of fees to be assessed . . . ."); *see Marriage of Aldrich*, 945 P.2d at 1379. On remand, the court must make all the findings required under sections 13-17-102 and 13-17-103 to support an award of attorney

fees against the Garini parties.  We take no position on the merits of the Kilgores' request for attorney fees.

¶ 30    In addition, given our disposition of this appeal, we deny the Kilgores' request for an award of attorney fees as sanctions under C.A.R. 38(b).

## III.    Disposition

¶ 31    The portion of the appeal challenging the grant of summary judgment to the Kilgores is dismissed, the attorney fee order is vacated, and the case is remanded for further proceedings consistent with this opinion.

JUDGE DUNN and JUDGE KUHN concur.